## BOOZIER et al. v. McDONALD et al.
### No. 11341.

Court of Civil Appeals of Texas. Galveston.

Feb. 26, 1942.

Rehearing Denied March 19, 1942.

Alpha & Brunson, of Houston, for appellants.

J. Dixie Smith and C. W. Croom, both of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the district court of Harris County granting appellees, James A. McDonald et al., as officers of one colored Masonic Lodge, a permanent injunction, restraining appellants, Nelson N. Boozier et al., as officers of another colored Masonic Lodge, from further using or operating under the name "Most Worshipful King Solomon Grand Lodge, A.F. & A.M., and Queen Esther Grand Chapter Order of the Eastern Star, and Daughters of the Sphinx."

Appellees alleged that they were the duly elected officers of said fraternal order and that appellants had and were unlawfully and fraudulently operating under the name of said lodge and that they had adopted and were using its constitution and by-laws and its ritualistic work and degrees. They sought judgment declaring themselves to be the lawful officers of said lodge, and an injunction restraining appellants from further using or operating under such name, and for damages.

Appellants answered by general demurrer and exceptions. They specially pled that the cause of action asserted by appellees was barred by the two-year statute of limitations and that appellees were guilty of unexplained laches and delay in waiting four years to file this action.

In a trial before the court, without a jury, judgment was rendered enjoining and restraining appellants from further using or operating under such name and for nominal damages in the sum of $10. Appellants appeal from this order.

Findings of fact and conclusions of law were filed by the trial court. They were excepted to by appellants.

It is the settled law in this state that a corporation or association cannot lawfully adopt or use either the same name as that of an existing corporation or of an unincorporated association or partnership, or a name so similar to that of an existing corporation or association that its use is calculated to deceive the public and result in confusion or unfair and fraudulent competition (14 C.J. 312; 18 C.J.S., Corporations, § 167, page 564) and that the corporation or association so using said name may be enjoined from such use, whatever may be the character of the corporation and whether or not they are formed for profit, to the same extent and upon the same principles that individuals are protected in the use of trademarks and trade-names (14 C.J., 326; 18 C.J.S., Corporations, § 173, p. 574). Grand Temple, etc., v. Independent Order of Knights and Daughters of Tabor of America et al., Tex. Com.App., 44 S.W.2d 973.

The record shows that the full name of appellees' lodge, prior to January 1, 1936, was "Most Worshipful King Solomon Grand Lodge, A.F. & A.M., Queen Esther Grand Chapter Order of the Eastern Star and Daughters of the Sphinx", that the name of appellants' lodge at that time was the same except for the prefix "United".

The trial court found that upon that date, appellees had entered into an agreement with appellants for the consolidation of the two lodges but that this agreement was never authorized by the lodge and was repudiated by it, that appellees were and had been, at all times relevant to the

suit, the duly and legally elected officers of said lodge, that appellant Boozier had never been elected either a member or an officer of said lodge, that he and other appellants had usurped the power and authority of the officers of said lodge and that they had been and were using the fraternal name of said lodge for their own use and benefit. The court further found that the officers of appellees' lodge had not been guilty of laches in not sooner instituting the suit.

Under the above findings of fact, upon conflicting evidence, that appellees were the duly and legally elected officers of said lodge and that appellants had, without authority, adopted and were using the name of the lodge and that, under the facts in the instant case, appellees had not been guilty of laches in not sooner instituting the suit, the judgment of the trial court is conclusive and binding upon this court and the judgment must be, in all things, affirmed.

Affirmed.