**BOOZIER et al. v. McDONALD et al.**

**No. 11579. ·**

Court of Civil Appeals of Texas. Galveston.

Nov. 23, 1943.

Rehearing Denied Dec. 16, 1943.

Alpha & Brunson, of Houston, for appellants.

J. Dixie Smith and C. W. Croom, both of Houston, for appellees.

GRAVES, Justice.

This is the second controversy brought here by the same appellants against the same appellees over much the same subject matter, but involving different acts and relationships between the parties with reference thereto. The former appeal under the same style as the present one, but which was No. 11,341 in this court, 177 S.W.2d 807, was from "a judgment of the district court of Harris County granting appellees, James A. McDonald et al., as officers of one colored Masonic Lodge, a permanent injunction, restraining appellants, Nelson N. Boozier et al., as officers of another colored Masonic Lodge from further using or operating under the name "Most Worshipful King Solomon Grand Lodge, A. F. & A. M., and Queen Esther Grand Chapter, Order of the Eastern Star and Daughters of the Sphinx."

Whereas the present one is from the same district court (the 55th of Harris County), in favor of the appellees against the appellants, decreeing in substance: That the appellants, Nelson N. Boozier and H. B. Turner and United Most Worshipful King Solomon Grand Lodge, Ancient Free and Accepted Masons, Queen Esther Grand Chapter, Order of the Eastern Star and Daughters of the Sphinx, a corporation, be, and they and each of them are, hereby enjoined and restrained from further using

or operating under any imitation of that name, which shall include the words "King Solomon", or the words "Queen Esther", and that they pay the appellees nominal damages in the sum of ten dollars.

It thus appears, in brief, that before the appellants were permanently enjoined from operating under the name of the appellees, "The Most Worshipful, etc., Grand Lodge", whereas this time they were likewise enjoined from further operating under the name formerly claimed by themselves, that is, "The United, etc., Lodge", which latter name was identical with the former one, except for the one word "United" prefixed thereto.

Without further recitation of the facts, it is enough to recite that the learned trial court granted this second injunction against the appellants upon findings of fact, the gist of which was that this present suit between the parties was the only one in which the right of the appellant-corporation to the use of its name "United, etc.", and to operate thereunder, had been challenged; that, under the fully developed evidence on the final hearing, such name and its use not only constituted an infringement upon the rights of the appellees, but had been used as a cloak for purloining their business for many years, operating as a fraud upon and directly injuring them in their reputation, business, lodge-work, and finances.

On the law, in support of this extending of the permanent injunction against the use of the appellees' name, as so camouflaged with such prefix of "United" attached thereto, the court again held that there had been no waiver nor laches on the part of the appellees in seeking such additional restraint, and that prior court proceedings in cause No. 28,242 in the district court of Jefferson County and No. 268,651 in the district court of Harris County had not constituted res adjudicata of the rights so claimed by and awarded to appellees in this controversy.

After a review of the record, this court overrules appellants' assignments, and affirms the challenged judgment, upon these among other considerations, to-wit:

■ (1) There was ample supporting evidence in the record, which included all the proceedings had before the court on a prior temporary injunction hearing that had been held herein, as well as the testimony of appellant Boozier himself over the whole range of his relationship with both named concerns; indeed, the trial court based material portions of his stated findings of fact upon that testimony, as appears from an extended examination of that witness by the court itself;

■ (2) As indicated supra, the former controversy so affirmed by this court on February 26, 1942, 177 S.W.2d 807, in which the Supreme Court refused, for want of merit, a writ of error on April 15, 1942, did not operate as res adjudicata, estopping appellees from subsequently maintaining this suit; because, whatever may have been incidentally referred to therein, no such injunctive relief was ever prayed for, or granted therein, against the "United, etc., Lodge", as was the sole subject matter of this decree, just as the trial court found. That decision is therefore cited—along with the authorities therein referred to—as being in support of this affirmance of the judgment in this instance;

(3) Neither was such prior suit No. 28,242 in the 58th District Court of Jefferson County, res adjudicata in this controversy, because, undisputedly, it was an agreed-judgment between the parties thereto, who were different ones from those here; neither was the subject matter the same, nor did that court adjudicate any right of these appellees to enjoin the appellants from such simulation and infringement upon the appellees' name, as was so found to have been done by appellants in this instance;

■ (4) Likewise, the appellants' pleas of alleged laches, delay, and acquiescence upon the appellees' part in having failed to sooner assert their right to stop this infringement upon their name, as against the trial court's finding on the facts and holding on the law that appellants' enjoined acts at all material times constituted a continuous fraud upon the rights of the appellees, were not sustained by any material evidence.

Those conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.