**WARNER–PATTERSON CO. v. MALCOMB.***

Patent Appeal No. 2293.

Court of Customs and Patent Appeals.
April 10, 1930.

George E. Tew, of Washington, D. C., and Lincoln B. Smith, of Chicago, Ill., for appellant.

*Rehearing denied May 28, 1930.

Ely & Barrow, of Akron, Ohio (A. L. Ely, of Akron, Ohio, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, J.

This is an appeal from a decision of the Commissioner of Patents in a trade-mark interference proceeding in which the question is priority of adoption and use of the words "Liquid Solder" as a trade-mark for a radiator sealing compound; appellant having registered such mark in May, 1925, upon an application filed in December, 1923, and appellee having on January 4, 1926, filed an application for registration of the words "Cy's Liquid Solder."

The decision of the Commissioner affirmed the decision of the Examiner of Interferences, awarding priority of adoption and use of said mark to appellee, and holding that he is entitled to the registration for which he has made application.

The facts constituting the issue herein are succinctly stated by the Commissioner in his decision as follows:

"The record shows that Malcomb's predecessor, namely, Malcomb & Malcomb, applied for registration of a mark consisting of the representation of the front end of an automobile radiator, having on the face thereof a triangle crossed by a rectangular bar and having thereon the words Cy's Liquid Solder. Registration was refused on the ground that the words Liquid Solder are descriptive of the goods on which this mark is used. No attempt was made to have the examiner withdraw that holding, but the specification was amended by including therein the sentence: 'No claim is made to the words "Liquid Solder" apart from the mark shown.' This registration of Malcomb & Malcomb was not cited in the later application of the Warner-Patterson Company. The examiner made a similar holding of descriptiveness in that application but withdrew it in view of argument.

"The testimony clearly shows, and it is not seriously contended that it does not, that Malcomb has established continuous use by his predecessor and himself of the mark in question from a date prior to any date established by Warner-Patterson Company, though the business was comparatively small. It is contended, however, on behalf of Warner-Patterson Company, that Malcomb is estopped to register the mark of his applica-

tion by reason of the disclaimer made in the prior application of his predecessor in business."

The case hinges upon whether appellee is estopped from registering the mark of his application by reason of the disclaimer made in the prior application of his predecessor in business; or, in other words, is he by such disclaimer estopped from claiming the ownership and exclusive use of the words "Liquid Solder" as a trade-mark for a radiator sealing compound, apart from the mark shown in his registration No. 143,393?

We think the Commissioner erred in holding that appellee was not so estopped.

It is true that an anomalous and unfortunate situation has been created by the contrary rulings of the Examiners in the Patent Office upon the subject of whether the words "Liquid Solder" are descriptive of the goods upon which the mark was used. If the Examiner passing upon appellee's original application had entertained the same views upon the subject as did the Examiner who passed upon appellant's application, registration of appellee's application of 1920, including the words "Liquid Solder" as an essential feature thereof, would have been allowed. But appellee did not appeal from such ruling to the Commissioner, and, if defeated there, to the Court of Appeals of the District of Columbia, as he might have done. On the contrary, he accepted the ruling of the Examiner, and filed a disclaimer in the following words: "No claim is made to the words 'Liquid Solder' apart from the mark shown." This was notice to the public, for his registration containing such disclaimer, thereafter allowed, was constructive notice that he made no claim to the use of the words "Liquid Solder," standing alone, as a trade-mark, and that the public was free to use it in any way that would not be deceptively similar to the essential features of his mark shown in his registration. In so far as he possessed any right to the words "Liquid Solder," standing alone, he by his disclaimer abandoned it as a condition of the registration of what the Examiner was willing to allow as essential features of the mark set out in his application. We think this clearly created an estoppel which precludes him from now asserting a right of registration of the mark "Liquid Solder," based upon use prior to the time of appellant's registration.

The propriety of entering disclaimers and their effect was considered in the case of Beckwith v. Commissioner of Patents, 252 U. S. 538, 40 S. Ct. 414, 416, 64 L. Ed. 705, where the court said:

"While there is no specific provision for disclaimers in the trade-mark statute, the practice of using them is commended to our judgment by the statement of the Commissioner of Patents that, so far as known, no harm came to the public from the practice of distinguishing, without deleting, nonregistrable matter in the drawing of the mark as registered, when a statement, forming a part of the record, was required that the applicant was not making claim to an exclusive appropriation of such matter except in the precise relation and association in which it appeared in the drawing and description.

"It seems obvious that no one could be deceived as to the scope of such a mark, and *that the registrant would be precluded by his disclaimer from setting up in the future any exclusive right to the disclaimed part of it. * * * *"* (Italics ours.)

It seems to us that the foregoing is determinative of the question before us.

If the words "Liquid Solder" are not descriptive, which question is not before us, it may seem unjust that appellee should be deprived of their exclusive use by a mistake of an Examiner in passing upon his application, but it must be remembered that he could have appealed and have secured a final determination of that question so far as the Patent Office is concerned. If he had been successful in securing a final determination that the words were not descriptive, he would have secured the registration of the words "Liquid Solder" as an essential part of his mark. If the final reviewing body of Patent Office decisions, the Court of Appeals of the District of Columbia at that time, or a court of equity having jurisdiction, had decided that the words were descriptive, such decision would have been binding upon the Patent Office, and neither appellant nor any other person could have secured registration of said words. Appellee did not choose to take this course, but accepted the decision of the Examiner and filed his disclaimer. Therefore he must now abide by the consequences.

With regard to the case of Standard Water System Company v. Tripure Water Systems Co., 124 Ms. Dec. 42, cited by the Commissioner in his decision, it is sufficient to say that we do not agree with the ruling made in that case, in so far as it holds that a disclaimer may not be urged, by subsequent users of the mark disclaimed, as an estoppel.

There is no question here involved of appellant's good faith. It appears that it selected the words "Liquid Solder" without any actual knowledge of any claim of use of the words by appellee, and the only notice which it had of any such use was constructive notice of appellee's registration, in which exclusive use was disclaimed, apart from the mark shown.

The testimony shows that appellant has expended large sums of money in advertising its goods under the mark "Liquid Solder," which presumably would not have occurred had appellee not accepted the decision of the Examiner and filed the disclaimer, but had exercised his right of appeal to secure a final determination of the question of the registrability of the words in question.

It should be understood that we do not decide that appellee is not entitled to use the words "Liquid Solder" upon his goods, but only that he is estopped from claiming, by priority, their exclusive use, and that for that reason his application should be rejected.

The decision of the Commissioner of Patents is reversed.

Reversed.