24 C.C.P.A.(Patents)

## McKINNON & CO. v. HYVIS OILS, Inc.
### Patent Appeal No. 3786.

Court of Customs and Patent Appeals.
March 29, 1937.

Cushman, Darby & Cushman, of Washington, D. C. (Arlon V. Cushman and William M. Cushman, both of Washington, D. C., of counsel), for appellant.

Watts T. Estabrook, of Washington, D. C., and Evans & McCoy, of Cleveland, Ohio (Frank S. Greene, of Cleveland, Ohio, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is a trade-mark cancellation proceeding under the provisions of section 13 of the Trade-Mark Act of February 20, 1905 (15 U.S.C.A. § 93).

On October 15, 1929, appellant's predecessor, Petroleum Products Storage Company, secured registration of the mark "Highpres," No. 262,583, used on lubricating oils.

On July 6, 1934, appellee filed its petition for the cancellation of said registration, alleging ownership of the mark "HyVis," used on lubricating oils and greases, and registration of the same to its predecessor and assignor, the Fred G. Clark Company, on October 26, 1920, registration No. 135,948. Appellee alleged use of its mark prior to the use of appellant's mark, and that appellant's mark is deceptively similar to the mark of appellee, and for that reason has injured the business of appellee.

The registration certificate of appellee's mark contains the following:

"The undersigned, The Fred G. Clark Co., applicant in the above entitled case, hereby disclaims right to the exclusive use of the terms 'High-Viscosity'; 'H-Vis'; 'Vis-H'; and 'H-V', as the mark 'HyVis' which constitutes the subject matter of the above application is not intended to cover any established commercial term."

Appellant answered said petition for cancellation, denying that the marks of the respective parties are confusingly similar, and denying that appellee has been damaged by the use by appellant of its mark "Highpres."

No testimony was taken, but the matter was submitted upon a stipulation of

facts, from which it appears that appellant concedes that appellee and its predecessor used the mark "HyVis" upon lubricating oils prior to the use by appellant of its mark; that appellee is now the owner of said mark "HyVis;" that at the time appellant's predecessor secured registration of the mark "Highpres" said predecessor knew of the use of the mark "HyVis" upon motor oils, and in 1928, as bailee, stored HyVis oils in its storage plant at Memphis, Tenn.

The Examiner of Trade-mark Interferences held that, by reason of the disclaimer in the HyVis trade-mark registration, hereinbefore quoted, appellee is estopped from claiming that the mark of appellant is confusingly similar to the mark of appellee, and further found that in the use of the two marks confusion in trade is not reasonably likely. Accordingly, he held that appellee's petition for cancellation be dismissed.

Upon appeal, the Commissioner of Patents reversed the decision of said Examiner and granted the petition for cancellation. From this decision of the Commissioner, appellant took the appeal now before us.

In his decision the Commissioner held that the disclaimer of the HyVis registration embraced only the notations expressly stated therein and any established commercial term, and did not embrace the term "Highpres"; that our decision in the case of Warner-Patterson Co. v. Malcomb, 39 F.(2d) 274, 17 C.C.P.A. (Patents) 984, relied upon by the Examiner, has no application to a state of facts such as is here involved because the mark "HyVis" was not disclaimed, and that, as the two marks are used upon identical goods, they are confusingly similar. He stated: " * * * The goods involved are practically always bought by word of mouth and the similarity of sound between the two words is therefore of paramount importance. That "HyVis" and "Highpres" sound alike cannot be denied. Under the circumstances I believe that the petitioner has shown the kind and amount of damage required by the statutes, and that the relief prayed for should be granted."

■ We are in agreement with the conclusion reached by the Commissioner. We do not think that the purported disclaimer in the HyVis registration is a true disclaimer, for the reason that it disclaims no part of the HyVis mark; but, even if it be treated as a disclaimer, it clearly does not embrace the term "Highpres," for such term was not an established commercial term.

The case of Warner-Patterson Co. v. Malcomb, supra, was a trade-mark interference proceeding. Appellant had secured the registration of the mark "Liquid Solder" for a radiator sealing compound. Appellee made application to register the mark "Cy's Liquid Solder." It appeared that appellee's predecessor had applied for the registration of the mark "Cy's Liquid Solder," which registration was refused upon the ground that the words "Liquid Solder" were descriptive of the merchandise to which the mark was applied, whereupon applicant disclaimed the use of the words "Liquid Solder" apart from the mark shown. It will readily be seen that our holding in that case, that the disclaimer created an estoppel, has no application to the facts in the case at bar.

■ It is our opinion that the marks "Highpres" and "HyVis," applied to lubricating oils, are confusingly similar, especially in sound. It is true, as argued by counsel for appellant, that the marks are different in significance, and also differ in appearance; but in sound they are very similar, and we think that a purchaser of motor lubricating oils would be very likely to be confused by the similarity of the marks. The most that can be said in favor of appellant's contention is that likelihood of confusion is doubtful, and under the well-established rule such doubt should be resolved against the newcomer, which in this case is the appellant.

■ Both parties in their briefs have cited cases in this and other courts with respect to specific trade-marks in support of their respective contentions upon the question of similarity of the marks here involved, but we find little aid in these cases in determining the question here involved, for the reason that the question of confusion or lack of it must be determined from the marks involved and the goods to which they are applied in each particular case.

■ While it is true that there are three factors to be considered in passing upon similarity of marks, viz., meaning, appearance, and sound, it does not follow that confusion can be found to be likely only

where a combination of these factors exist, but sound alone or appearance alone may be sufficient to create likelihood of confusion. Cluett, Peabody & Co., Inc., v. Wright, 46 F.(2d) 711, 18 C.C.P.A. (Patents) 937.

We find no error in the decision of the Commissioner, and it is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate in this decision.