34 C.C.P.A. (Patents)

McKESSON & ROBBINS, Inc., v. FIRST TEXAS CHEMICAL MFG. CO.

Patent Appeal No. 5234.

Court of Customs and Patent Appeals.
Feb. 11, 1947.

Samuel Herrick, of Washington, D. C., for appellant.

Cushman, Darby & Cushman, of Washington, D. C. (William M. Cushman, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

Appellee, First Texas Chemical Manufacturing Co., filed application in the United States Patent Office for the registration of its trade-mark "Ora-Cel," allegedly used in connection with the sale of a vitamin preparation.

McKesson & Robbins, Incorporated, appellant, filed a notice of opposition against the application, based upon its ownership and registration of two trade-marks, "Ora" and "Oraform," used since 1927 and 1915

respectively, the first for a deodorant and the latter for throat-pastils.

The Examiner of Trade-Mark Interferences sustained the opposition and held that the applicant was not entitled to register its said mark. Upon appeal, First Assistant Commissioner Leslie Frazer, acting for the Commissioner of Patents, reversed the examiner's decision and from the commissioner's holding (65 U.S.P.Q. 438) appellant has here appealed.

No testimony was taken by either party. The sole issue involved is the likelihood of confusion.

The examiner, in sustaining the opposition, said in part:

"As to the goods, it is quite true that opposer's throat-pastils and deodorant are specifically different from applicant's vitamin preparation, and these products have different uses. They are, however, all in the nature of pharmaceutical preparations, and the examiner is of the opinion that it is a matter of common knowledge that a single concern puts out a wide variety of such products which have specifically different characteristics and uses; in fact, such divergence is illustrated by opposer's deodorant and throat-pastils. It is believed therefore that purchasers of the goods of the parties might readily ascribe a common source of personal origin thereto, and hence these goods are deemed to be of the same descriptive properties within the meaning of the Trade-Mark Act.

"As to the marks, applicant's notation 'Ora-Cel' includes the whole of opposer's notation 'Ora,' merely adding the syllable 'Cell' thereto in hyphenated form. Under these circumstances it is believed that the concurrent use of the respective marks on the goods in question might reasonably lead to confusion in trade despite the specific differences in the goods as above indicated."

The commissioner, in his decision, said:

"I am clearly of the opinion that opposer's deodorant, which is admittedly in the form of a cream, does not have the same descriptive properties as a vitamin preparation in any form. The similarity of the marks under which the two items are sold is thus immaterial. General Mills v. Freed, 89 F.2d 664, 24 C.C.P.A. [Patents] 1171.

"Broadly speaking, throat lozenges and vitamin preparations are probably of the same descriptive properties, not merely because both are pharmaceuticals, but because both are medicinal in character. Cf. Vitab Corporation v. Knox Co. et al., 143 F.2d 883, 31 C.C.P.A. [Patents] 1205. However, they differ so widely in composition, and in the purposes for which they are intended to be used, that I am unable to believe, in the absence of any evidence on the subject, that their sale under slightly similar trade-marks would be likely to cause confusion. 'Oraform' and 'Ora-Cel,' each considered in its entirety, do not look alike, sound alike, or suggest the same idea. It may be that their concurrent use on identical merchandise would be unwarranted, because of the common occurrence of the first three letters. But the goods to which they are here applied are not even closely related."

It is observed that the commissioner held that the lozenges and vitamin preparations were *probably* of the same descriptive properties, both being medicinal in character, but that since they differed so widely in composition and in the purposes for which they were intended he was of the opinion that, although the marks were "slightly similar" there would be no likelihood of confusion; that the terms "Oraform" and "Ora-Cel" did not look alike, sound alike, or suggest the same idea, and that while concurrent use of the two marks on identical merchandise would be unwarranted, their concurrent use on the goods of the respective parties, which "are not even closely related," would not be likely to cause confusion.

It is our view that the examiner's holding was proper and should not have been reversed.

██ It may be that there are many articles sold in drug stores or by the manufacturers of pharmaceuticals, medicinals and chemicals that differ so widely in their essential characteristics as not to be of the same descriptive properties within the meaning of the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., but,

as is indicated by most modern decisions involving the question, it has become the settled policy of the law, in circumstances like those at bar, to resolve doubts against the newcomer and bar registration under the confusion clause of said Trade-Mark Act.

■ As to the two marks, "Ora" and "Ora-Cel," as was pointed out by the examiner, the appellee has taken all of appellant's mark and, notwithstanding the fact that "Ora" is for a deodorant and "Ora-Cel" is for a vitamin preparation, it is obvious that they would reach the same class of customers and be sold from the same shelves and are of the character of goods which are casually purchased without much thought or consideration as to their origin. It is a matter of common knowledge (and is also indicated by the facts at bar and the recitations of facts in many decided cases similar to that at bar) that many different kinds of medicinal and pharmaceutical articles are produced and marketed by the same concern and that the concurrent use of similar marks upon such goods would be likely to cause confusion in the mind of the public as to who was the producer or seller of them.

■ As to the marks "Oraform" and "Ora-Cel," the goods are more closely related and the marks are sufficiently similar as to permit of a reasonable doubt on the question of the likelihood of confusion. This and other courts have frequently said that it was the chief purpose of Congress, in enacting the Trade-Mark Act, to protect the public against confusion as to the origin of goods; that those who adopt trademarks should seek to distinguish their goods from those of others, and that if there were any doubts on the question they would be resolved against the newcomer. We have no doubts in the instant case about there being a likelihood of confusion under the circumstances stated, and appellee, in selecting its mark, should have selected one from the wealth of material at hand with less resemblance to the mark of appellant. Skelly Oil Co. v. Powerine Co., 86 F.2d 752, 24 C.C.P.A., Patents, 790.

It is noted that the terms "Ora", "Oraform" and "Ora-Cel" are terms not often used in English-speaking circles and therefore, under the doctrine of Bon Ami Company v. McKesson & Robbins, Inc., 93 F.2d 915, 25 C.C.P.A., Patents, 826, there is more likelihood of confusion than under circumstances where the terms are more frequently used in this country.

While it is frequently said that decisions of courts are not very helpful and are rarely controlling on questions like that at bar, it is deemed proper to refer to the following cases which indicate the trend of judicial holdings on the likelihood of confusion in connection with trade-mark registrations: William S. Merrell Co. v. Anacin Co., 109 F.2d 339, 27 C.C.P.A., Patents, 847; Rosengart v. Ostrex Company, Inc., 136 F.2d 249, 30 C.C.P.A., Patents, 1046; Vitab Corporation v. Knox Company and Endo Products, Inc., 143 F.2d 883, 31 C.C.P.A., Patents, 1205; Schering & Glatz, Inc., v. Sharpe & Dohme, Inc., 146 F.2d 1019, 32 C.C.P.A., Patents, 827.

An important decision is that of McKesson & Robbins, Inc., v. American Foundation for Dental Science, 150 F.2d 420, 421, 32 C.C.P.A., Patents, 1235, involving the marks "Dent-A-Min" and "Cytamin". The court there said:

"Unquestionably the products of both parties are medicinal preparations. They are both adapted for internal use in the treatment of dietary deficiencies, and as such, in our opinion, clearly possess the same descriptive properties contemplated by the Trade-Mark Act. * * *

"As to the marks, they differ only in the first syllable. Both are coined expressions and in our opinon their concurrent use on the goods of the parties would be likely to cause confusion in the mind of the purchasing public both as to origin and as to the goods themselves.

"There are many cases in which trademarks possessing greater dissimilarities than those here involved were held to be confusingly similar as applied to goods of the same descriptive properties. There is no necessity for citing trade-mark cases, however, * * *."

■ We hold that the mark, the registration of which was applied for by appellee, should not have been held registrable

and that the decision of the examiner was sound and should not have been reversed. The decision of the commissioner is reversed.

Reversed.