37 C.C.P.A.(Patents)
**NATIONAL MINERAL CO. v. NORWICH PHARMACAL CO.**
Patent Appeal No. 5708.

United States Court of Customs and Patent Appeals.

June 30, 1950.

Maurice S. Cayne, Chicago, Ill., for appellant.

E. F. Wenderoth, Washington, D. C., for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON and WORLEY, Judges.

JACKSON, Judge.

This is an appeal in an opposition proceeding from a decision of the Commissioner of Patents, 78 U.S.P.O. 332, affirming that of the Examiner of Interferences sustaining an opposition by appellee to the registration by appellant of its mark "Suave" as applied to hair dressing and alleged to have been so used since on or about June 1, 1937.

The notice of opposition contains allegations relating only to the confusion in trade clause of Section 5 of the Trade-Mark Act of 1905, 33 Stat. 725, as amended, as ground for denying the right of registration claimed by appellant.

Appellant took testimony to the effect that its product, hair dressing, was, at the time

the testimony was taken, sold only in beauty shops for professional use and also in retail trade to the customers of those shops for personal use in the home. It appears that in promoting its business of selling hair dressing, the appellant focused entirely on feminine trade. However, it further appears in certain exhibits that appellant was striving to increase the use of its hair dressing among male users.

Appellee took no testimony, relying solely upon its trade-mark "Swav" shown in its Registration No. 252,066, dated January 22, 1929, as applied to "shaving cream to be used before shaving."

The sole issue before us is whether or not the marks of the parties are so similar that their concurrent use would be likely to deceive purchasers or confuse the mind of the public as to origin.

It is clear to us, as was held below, that the involved goods of the parties are toilet preparations. Generally speaking, they are not used by the same individuals in that the hair dressing appears to be almost entirely used in the feminine trade whereas the shaving cream of appellant is strictly devoted to masculine use.

That the marks are similar in sound is beyond question. "Swav" is the pronunciation of "suave", as shown by the dictionaries. That the marks are alike in meaning we think is clear, both indicating smoothness, sleekness and good grooming. Therefore, as far as the similarity between the marks is concerned, we deem that in sound and meaning they are not, in a trade-mark registration sense, legally distinguishable.

The goods, in our opinion, possess the same descriptive properties. That holding is clearly in accord with the well settled authorities cited by the commissioner in his decision, among which are the cases of Campbell Products, Inc. v. John Wyeth & Bro., Inc., 143 F.2d 977, 31 C.C.P.A., Patents, 1217; McKesson & Robbins, Inc. v. First Texas Chemical Manufacturing Co., 159 F.2d 770, 34 C.C.P.A., Patents, 877; Malone v. Horowitz, 41 F.2d 414, 17 C.C.P.A., Patents, 1252.

We cannot agree with appellant's contention that for the reason its hair dressing is sold only through the medium of beauty parlors, as distinguished from the sale of appellee's shaving cream through drug stores and like vendors, there is no likelihood of confusion.

It is clear from the record that the use of appellant's involved product is not confined solely to beauty parlors but is packed in small containers for sale to patrons of such parlors. It is further apparent that it has been recommended for use by men as a hair dressing. The question is not one of confusion between the goods as such but, as hereinbefore mentioned, the likelihood of confusion as to the source of the involved products of the parties. Skol Company, Inc. v. Olson, 151 F.2d 200, 33 C.C.P.A., Patents, 715.

While at the time of taking of testimony and theretofore appellant confined its sales through beauty parlor channels, nevertheless, it is concededly a toilet preparation and quite adaptable for sale through the same media as the shaving cream of appellee. General Foods Corporation v. Casein Company of America, Inc., 108 F.2d 261, 27 C.C.P.A., Patents, 797.

For the reasons hereinbefore set out, the decision of the Commissioner of Patents is affirmed.

Affirmed.