## FRITO CO. v. GENERAL MILLS, Inc.
### No. 14120.

United States Court of Appeals
Fifth Circuit.

March 30, 1953.

Rehearing Denied May 13, 1953.

J. L. Johannes, G. H. Kelsoe, Jr., and Johannes & Kelsoe, Dallas, Tex., for appellant.

Gerrit P. Groen, Chicago, Ill., Webster Atwell, Dallas, Tex., Anthony A. Juettner, Minneapolis, Minn., for appellee.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

The appellant instituted this action to secure an order directing the Commissioner of Patents to issue a trademark registration. 15 U.S.C.A. § 1071, 15 U.S.C.A. § 1119, and 35 U.S.C. § 63. In an application to the United States Patent Office, it sought to register the trade-mark "Chee.tos," which is the name of its cheese-coated puffed-corn product. 15 U.S.C.A. § 1051. Appellee filed its opposition to the registration in accordance with the provisions of section 1063, Title 15, U.S.C.A., contending that "Chee.Tos" was similar to and liable to cause confusion with its own trade-mark "Cheerios," the latter being the name of a puffed-oat product generally sold as a breakfast cereal, and also the name of a less known cracker product. The Examiner of Trade-Mark Interference sustained the opposition to the registration; and on appeal, the Commissioner of Patents denied the registration on the ground that there was a similarity between the two that was likely to cause confusion. The district court affirmed the decision of the Commissioner, and the applicant appealed under Section 1121, Title 15, U.S.C.A.

The word "Chee.tos" was adopted by the Frito Company in 1948, and since that date thirty-six million packages of its product bearing that name have been sold in thirty-eight states, said sales amounting to over eight million dollars. The name "Cheerios" was registered as a trade-mark by the appellee in 1945, this product being sold in forty-eight states, its sales amounting to more than sixteen million dollars. The appellant's product "Chee.tos" was sold exclusively as a snack item; and there is evidence that appellee's product at times was also eaten as a snack.

Section 1052, Title 15, of the U.S.C.A., provides that no trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register, on account of its nature, unless it consists of or comprises a mark which so resembles a mark registered in the patent office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion or mistake or to

deceive purchasers. This, in substance, is the applicable part of the statute by which the Commissioner was bounden, and it is the same statute that controlled the district court. No testimony was offered by either side that any purchaser had complained that the goods gotten by him were not the goods that he thought he was getting. The trial court thought that each of these products was good, and satisfying to the customer. It also found that the name "Chee.tos," chosen by the applicant, had been used by it for many years, but the court was unable to say and did not find that such use by the plaintiff was not likely to cause confusion as to both origin and use. Therefore, it thought that the decree should go for the defendant.

This leaves us without any finding on the part of the district court that the challenged trade-mark resembled the trade-mark "Cheerios," or was likely to cause confusion or mistake or to deceive customers; but the Commissioner of Patents found that the products of the respective parties were so closely related, and the marks so similar in sound and appearance, that there was likelihood of confusion or mistake in the minds of the purchasers. Since the district court was unable to say that the use of the trade name "Chee.tos" was not likely to cause confusion; and since we are likewise unable to say that it is not likely to cause confusion; and since the Commissioner of Patents found that the granting of the applicant's trade-mark was likely to cause confusion or mistake: we conclude that the action of the Commissioner was not unsupported by substantial evidence, and not clearly erroneous. McKinnon & Co. v. HyVis Oils, Inc., 88 F.2d 699, 24 C.C.P.A., Patents, 1105; Sears, Roebuck & Co. v. Talge, 8 Cir., 140 F.2d 395; Dwinell-Wright Co. v. National Fruit Product Co., 1 Cir., 140 F.2d 618, 623; Celanese Corp. v. E. I. Du Pont De Nemours & Co., 154 F.2d 146, 148, 33 C.C.P.A., Patents, 948; W. B. Roddenbery Co. v. Kalich, 158 F.2d 289, 34 C.C.P.A., Patents, 745; McKesson & Robbins v. First Texas Chemical Mfg. Co., 159 F.2d 770, 34 C.C.P.A., Patents, 877; Safeway Stores v. Dunnell, 9 Cir., 172 F.2d 649;

Standard Oil Development Corporation v. Marzall, 90 U.S.App.D.C. 205, 195 F.2d 44.

Affirmed.

RUSSELL, Circuit Judge (dissenting).

In what are usually denominated Section 4915 proceedings, 15 U.S.C.A. § 1071; 35 U.S.C.A. § 63, such as the present, while the determination of the Commissioner of Patents should be accorded weight by the Courts, still the judicial power must be exercised upon the consideration of the case presented in its entirety. The statute provides the aggrieved party the remedy of a judicial proceeding in which the question involved is to be considered *de novo*.

The applicant for registration of mark, complainant below and appellate here, is entitled to registration unless its proposed trademark is likely, when applied to its goods, to cause confusion and mistakes, or to deceive purchasers. The statute aims to deny registration if there is a reasonable likelihood of confusion. The statement of the trial Court herein that "I'm unable to say that such use by the plaintiff [of its proposed mark Chee.tos] is not likely to cause confusion" does not clearly find, affirmatively, a reasonable likelihood of confusion. It, therefore, may be said that we are without benefit of a precise finding by the trial Court of this essential fact. But if the two negatives can be said to constitute an affirmative, I think it clearly erroneous. It seems clear to me that when the marks "Cheerios" and "Chee.tos" are compared and tested for similarity and likelihood of confusion the difference in nature of product, sound, spelling, character of the mark, and especially and controllingly, their different and contrasting connotations is such as to render unsupportable a finding that the use of "Chee.tos" would likely cause confusion with "Cheerios." Manifestly, both are intended to convey to prospective purchasers definite and entirely different suggestions. The one, a suggestion of cheese, even if not cheese and toast. The other, a suggestion of cheer with the added thought of a cheery greeting,—what the dictionary[1] terms "cheerio" as "used chiefly as a friendly

---

1. Webster's New International Dictionary, Second Edition, (Unabridged).

greeting or leave-taking." The idea of brightness or enlivenment and greeting is so implicit in "Cheerios" that even mispronunciation could not dissipate it. If Cheetos should be considered not suggestive, it is at least a coined word. In neither view does it impinge upon "Cheerios."

I respectfully dissent.

Rehearing denied; RUSSELL, Circuit Judge, dissenting.