ALOE CREME LABORATORIES, INC.,
Plaintiff,

v.

TEXAS PHARMACAL COMPANY,
Defendant.

Civ. A. No. 2789.

United States District Court
W. D. Texas,
San Antonio Division.

Jan. 23, 1963.

James R. McKnight, Chicago, Ill., William P. Dobbins, San Antonio, Tex., for plaintiff.

Irving M. Tullar, Henry Leeds, Beale & Jones, Washington, D. C., Clinton G. Brown, Jr., San Antonio, Tex., for defendant.

FISHER, District Judge.

Aloe Creme Laboratories, Inc., hereinafter referred to as Aloe, filed this action under 35 U.S.C. § 146, and 15 U.S.C. § 1071, as a trial de novo, seeking to reverse the decisions of the United States Patent Office, wherein Aloe was denied its claims to the right to the trademark registration of "Alo-Creme", and was refused the registration, "Alo-Creme After Tan" as a trademark.

The Texas Pharmacal Company, hereinafter referred to as Texas, filed a counterclaim to enjoin the use of "Alo-Creme", "Alo-Creme After Tan", and "Aloe Creme" as trademarks, tradenames or parts thereof on the ground that each

infringes Texas' trademark, "Allercreme", and "Allercreme Saf-Tan", and that their use comprises unfair competition in trade, and for damages.

The material facts are in substance as follows: Aloe Creme Laboratories, Inc., is a corporation duly organized and existing under the laws of the State of Florida, and is located and does business at 1612 East Sunrise Boulevard, Fort Lauderdale, Florida, and has been in business for more than nine years. The gel of the aloe vera plant being the main active ingredient in its ointments and cosmetics, Aloe adopted "Alo-Creme" as its trademark and Aloe Creme Laboratories, Inc. as its tradename. Aloe, while representing to the public that it manufactures and distributes, has admitted that it does not manufacture any of its products. Under the name, "Alo-Creme", Aloe advertises and sells in the same common market as Texas, a body lotion, hands, face and legs lotion, shampoo, skin cleanser and others. A sun tan cream is likewise advertised and sold under the name, "Alo-Creme After Tan."

Texas Pharmacal Company is a corporation duly organized and existing under the laws of the State of Texas, located and doing business at 307 East Josephine Street, San Antonio, Texas. Texas is the owner of the trademark, "Allercreme", and "Allercreme Saf-Tan", registered in the United States Patent Office. Since 1939, Texas has manufactured and sold "Allercreme" cosmetic preparations throughout the United States, Alaska, Canada, Hawaii, Puerto Rico and Venezuela through wholesale and retail drug companies, department stores, cosmetic shops, etc.

Texas maintains full physical, mechanical and chemical equipment for the development, manufacture, quality control, packaging and shipping of pharmaceuticals and cosmetics. Texas advertises and sells under the name, "Allercreme", a body lotion, skin lotion, shampoo, cleansing cream, and others. A sun tan cream is advertised and sold as "Allercreme Saf-Tan."

On June 1, 1954, the United States Patent Office issued to Aloe, Registration No. 590,472 for the trademark, "Alo-Creme" for ointment for sunburn, burns and skin injuries. Subsequently, Texas instituted cancellation proceeding No. 6509 in the United States Patent Office seeking to cancel Aloe's said Registration No. 590,472, based on Texas' Registration No. 407,387 for the trademark, "Allercreme", issued May 30, 1944, under the Act of March 19, 1920, "for cosmetic preparations, namely, a skin lotion, a cosmetics cleansing cream not in the nature of a soap and an oil shampoo."

On January 31, 1955, Aloe filed in the United States Patent Office, application Serial No. 680,710 for registration of the trademark "Alo-Creme After Tan" for lotion for skin grooming. Being opposed to this application, Texas instituted Opposition No. 36,224, based on its said "Allercreme" registration and Registration No. 584,997 for "Allercreme Saf-Tan" for protective cream to prevent sunburn, issued January 19, 1954, on the Supplemental Register, of the Act of 1946.

The United States Patent Office consolidated said Cancellation No. 6509 and said Opposition No. 36,224, and on April 15, 1958, the Examiner of Interferences of the United States Patent Office rendered a decision sustaining both Cancellation No. 6509 and Opposition No. 36,224, holding, "the record leads to the inescapable conclusion that applicant's 'Alo-Creme' and 'Alo-Creme After Tan' so resemble opposer's previously registered marks 'Allercreme' and 'Allercreme Saf-Tan' as to be likely, when applied to the goods, to cause confusion, mistake or deception of purchasers."

The question before the Court, therefore, is whether the trademarks and names, "Allercreme" and "Allercreme Saf-Tan" of Texas, and "Alo-Creme" and "Alo-Creme After Tan" of Aloe, so resemble as to create a "likelihood of confusion", causing a prospective purchaser to be mistaken or deceived; and whether the decision of the Patent Office tribunals finding a "likelihood of confusion" be-

tween "Allercreme" and "Alo-Creme", and "Allercreme Saf-Tan" and "Alo-Creme After Tan", was clearly erroneous; whether Texas is entitled to an injunction against Aloe, and whether or not Texas is entitled to damages because of the alleged infringement and unfair competition in trade.

 This Court agrees with the law on the subject as stated in the recent case of Huntington National Mattress Company v. Celanese Corporation, D.C., 201 F.Supp. 938, "[w]here a plaintiff seeks to set aside the findings of the Board, his burden is not to be sustained by a mere preponderance of the evidence, but he must show by clear and convincing evidence that the decision is erroneous", citing numerous cases. In the Huntington case, like the principal case, more evidence was offered in the Court than was offered before the Board, but the evidence does not only fail to meet the burden of plaintiff to show by clear and convincing evidence that the decision is erroneous, but actually, the evidence clearly supports the decision of the United States Patent Office. The plaintiff therefore has not discharged its burden in showing by substantial evidence that the decision of the United States Patent Office is erroneous. Certainly, the decision of the United States Patent Office is not conclusive and res adjudicata, as the plaintiff points out in citing the leading case of John Morrell & Co. v. Doyle, 7 Cir., 97 F.2d 232, and the Trial Court must ultimately decide whether there is a similarity calculated to produce confusion or mislead purchasers, irrespective of the decision made by the United States Patent Office. Actually, there is no appreciable difference in the products of the two companies other than that they are packaged individually, with different colored labels and wrappers, with Aloe emphasizing the use of the gel of the aloe vera plant in its products. On the other hand, identical use is made of the two products, to wit, body lotion, skin, hands, face and legs lotion, shampoo and cleansing cream. Aloe also sells its product as an ointment,

advertising the healing properties of its ointment because of the ingredient of aloe vera gel. Further, the Court is of the opinion that the trademarks of "Allercreme" and "Allercreme Saf-Tan", and "Alo-Creme" and "Alo-Creme After Tan" look alike and sound alike, and because of such similarity, the Court finds that there is a likelihood of confusion. Because there is some difference in the color, size, label and packaging of the products of the two companies, a comparison or analysis would prevent confusion. However, the courts have held that a side by side comparison is not the test.

We concur in the holding of these decisions. "The test of colorable imitation is not whether a difference may be recognized between the name of two competing articles when placed side by side but whether the difference would be recognized by the prospective customer with no opportunity for comparison." General Adjustment Bureau, Inc. v. Fuess, D.C., 192 F.Supp. 542. "Infringement is not to be determined on the basis of a side-by-side visual comparison; 'we must determine the purchasing public's state of mind when confronted by somewhat similar tradenames singly presented.'" National Van Lines, Inc. v. Dean, 7 Cir., 288 F.2d 5.

Just as in Patent Office registration proceedings, only a "likelihood of confusion" is necessary to sustain a claim or counterclaim for infringement and unfair competition.

 The applicable statute, 15 U.S. C.A. § 1114(1) requires only that in an action for trademark infringement, the colorable imitation be * * * "likely to cause confusion or mistake." There is no merit to Aloe's claim that there has been no showing of actual instances of deception or confusion because Texas introduced evidence, both before the Patent Office and this Court, showing actual instances of deception and confusion. However, the authorities are legion in holding that proof of actual deception is not needed to justify an injunction against the use of a trademark if it is of such a character or used in such a way

as to be likely to deceive a prospective purchaser. Abramson v. Coro, Inc., 5 Cir., 240 F.2d 854.

■ Because of the number of instances shown by the evidence of actual instances of deception and confusion, and the further "likelihood of confusion", this Court holds that Texas is entitled to an injunction against Aloe, prohibiting the use of "Alo-Creme", "Alo-Creme After Tan", and "Aloe Creme" as trademarks, tradenames or parts thereof, on the grounds that each infringes Texas' prior registered trademark, "Allercreme", and that their use comprises unfair competition in trade.

■ After a thorough and comprehensive review of the evidence presented at the trial before this Court, the evidence introduced before the Patent Office, and the briefs, arguments and authorities of counsel, it is the opinion of this Court that Aloe's "Alo-Creme" and "Alo-Creme After Tan" so resemble Texas' previously registered marks, "Allercreme" and "Allercreme Saf-Tan" as to be likely, when applied to the goods, to cause confusion, mistake or deception of purchasers. The decisions of the United States Patent Office in cancelling Aloe's registration of "Alo-Creme" and in refusing Aloe's registration of "Alo-Creme After Tan", are hereby affirmed, said decisions being supported by substantial evidence, and not clearly erroneous. Frito Co. v. General Mills, Inc., 5 Cir., 202 F.2d 936; further, an injunction will be granted Defendant, prohibiting Plaintiff from using said trademarks. Texas has not conclusively proven a monetary loss for past infringement by Aloe, and is not entitled to damages.

Judgment will be entered on the basis of this opinion, with costs to be paid by Plaintiff.