**RADIATOR SPECIALTY COMPANY,**
Plaintiff,

v.

**David L. LADD, Commissioner of Patents, Defendant.**
**Civ. A. No. 1278–62.**

United States District Court
District of Columbia.
June 28, 1963.

A. Yates Dowell, Jr., Washington, D. C., for plaintiff.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, Judge.

This is a civil action brought by plaintiff pursuant to 35 U.S.C. § 145, and Section 21 of the Trademark Act of July 5, 1946 (15 U.S.C. § 1071) in which plaintiff seeks to have this Court authorize defendant, Commissioner of Patents, to register on the Principal Register, its mark "MOTOR-MEDIC", for an oil additive utilized by internal combustion engines.

Plaintiff filed his application in the Patent Office on September 24, 1958, in which he asserted use of "MOTOR-MEDIC" since September 12, 1958. Subsequent thereto, the Patent Office, in pursuance of Section 2(d) of the Act of July 5, 1946 (15 U.S.C. § 1052(d) refused registration on the ground that the mark of plaintiff's application so resembled the compound mark "AUTO-MEDIC" previously registered for lubricating oil additives (Registration No. 651,646, issued September 17, 1957 to Wynn Oil Company) as to be likely to cause confusion, mistake, or deception to purchasers.

It is plaintiff's contention that "MOTOR-MEDIC" and "AUTO-MEDIC" neither look nor sound alike, and their meanings are sufficiently dissimilar to avoid confusion.

In considering whether marks have a confusing similarity three considerations are relevant—appearance, meaning, and sound. McKinnon & Co. v. Hyvis Oils, Inc., Cust. & Pat. App., 88 F.2d 699. It appears that the Patent Office properly considered this standard. As applied to automobile motor oil additives, the words "Auto" and "Motor" have very little trademark significance. Both of these terms are commonly used as pertinent parts of many trademarks. It would seem that the terms "Auto Oil Additives", and "Motor Oil Additives" have substantially the same meaning. The word "Medic" has been defined as a "Physician" and a "Medical Student". As applied to oil additives, the word "Medic" has no particular meaning.

The most significant and prominent phase of both of the above-mentioned

marks is the word "Medic", and it would be very likely that prospective purchasers would be more likely to remember the prominent feature as indicating origin of the goods.

While it is true that a side-by-side comparison of these two terms would properly distinguish them, prospective purchasers are not always afforded the opportunity of making such comparisons, and the Court finds that the use of these two terms would be very likely to cause confusion, mistake or deception to purchasers.

Although several of plaintiff's witnesses testified that in their experience no confusion had occurred between these two products, the likelihood of confusion was suggested by one of plaintiff's own witnesses on direct examination:

"Q. By Mr. Dowell:

"Are you familiar with Motor-Medic?

"A. Yes.

"Q. By Mr. Dowell:
"And Auto-Medic?

"A. Yes

"Q. Have you ever known of any confusion in the minds of anyone that approached you? In other words, have you ever known of any confusion in these products?

"A. Not myself, but a couple of days ago there was a confusion with a customer.

"Q. What was that?

"A. A customer came in and asked for a can of Wynn's Motor-Medic and we told him we didn't have Wynn's Motor-Medic. We told him we had different brands. And this was an employee of mine that told me that this morning.

"Q. When I called you on the phone yesterday you told me you had never heard of any confusion; is that correct?

"A. I haven't myself; no."
(Testimony of Frank Marzullo, p. 41 of Court Transcript).

In seeking to compel the Commissioner of Patents to grant registration of a trademark, plaintiff has the burden of proof. Safeway Stores, Inc. v. Dunnell, 9 Cir., 172 F.2d 649, cert. denied 337 U.S. 907, 69 S.Ct. 1049, 93 L.Ed. 1719, and furthermore, the plaintiff must show by clear and convincing evidence that the Commissioner's decision was erroneous and that plaintiff was entitled to register the disputed trademark. Century Distilling Co. v. Continental Distilling Co., 3 Cir., 106 F.2d 486, cert. denied 309 U.S. 662, 60 S.Ct. 581, 84 L.Ed. 1010. The findings of the Patent Office are not to be overturned lightly. Larsen v. Marzall, 90 U.S.App. D.C. 260, 195 F.2d 200, and as pronounced continuously by the Supreme Court, and the U. S. Courts of Appeals, a finding of fact by the Patent Office as to confusing similarity of marks must be accepted as controlling unless the contrary is established by evidence which in character and amount carries thorough conviction. Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 772, 38 L.Ed. 657.

A mere preponderance of evidence is not sufficient, for the Patent Office is an expert body pre-eminently qualified to determine questions such as are involved herein.

The evidence produced by plaintiff at the trial is not sufficient to overcome the strong presumption that attaches to the decision of the Patent Office tribunals. Esso Standard Oil Co. v. Sun Oil Co., et al., 97 U.S.App.D.C. 154, 229 F.2d 37.

In view of the foregoing discussion the Court finds that the plaintiff is not entitled to the trademark registration for which he made application, and the Complaint should be dismissed. What has been said hereinbefore shall constitute findings of fact and conclusions of law.