## SMART SHOP v. COLBERT'S.
### No. 4814.

Court of Civil Appeals of Texas. El Paso.
Nov. 7, 1951.

Rehearing Denied Nov. 28, 1951.

Maurice Epstein, Houston, Ralph R. Wood, Corpus Christi, for appellant.

Emil Corenbleth, Dallas, Pichinson, Davis & Hale, Corpus Christi, for appellee.

SUTTON, Justice.

This appeal is from the 117th District Court of Nueces County. The suit is one to restrain an infringement of a trade name and unfair competition.

Smart Shop, a Texas corporation, with its domicile and places of business in Houston, and doing business under the trade name "The Smart Shop", sued Colbert's, likewise incorporated under the laws of Texas, and doing business in Corpus Christi under the trade name "The Smart Shop", to restrain the use of the name "The Smart Shop" and the use of the signature cut, almost if not quite identical with the signature cut used by the plaintiff, claiming unfair competition. The defendant answered with appropriate defenses, and set up a cross-action seeking to restrain the plaintiff's use of the trade name in Corpus Christi and its trade territory. A trial was had to the Court without a jury and judgment was that plaintiff take nothing and that the plaintiff be permanently enjoined from using the trade name "The Smart Shop" in Corpus Christi and the Corpus Christi trade territory as prayed for in the cross-action. From that judgment this appeal is prosecuted.

Plaintiff was incorporated January 9, 1923, and immediately began doing business in Houston under the trade name "The Smart Shop" and has continued such business continuously ever since. The business conducted by each of the parties is a women's ready-to-wear business. Plaintiff used the trade name on labels attached to the garments it sold. The signs on the store and in the windows bore the name, and it advertised in the Houston newspapers under the name, with, in many instances, the name "Louis Leon" underneath the large words "The Smart Shop". Louis Leon is the principal stockholder of the plaintiff corporation and guides its activities and is almost, if not exclusively and solely, responsible for its affairs. The defendant uses the same name and the same signature cut on its signs and advertisements with the address "413 Chaparral" appearing where the name "Louis Leon" appears. The script used in the signature cuts have varied from time to time, but at least since 1944 they have been so nearly identical the average observer would notice no difference. In the briefs some notice is taken of the fact the name "Louis Leon" appears as indicated. We attach no importance to it.

The defendant acquired the Corpus Christi business operated and known as "The Smart Shop" in 1946, from Max Cohen, the principal stockholder and owner of the defendant corporation, who had acquired it in 1945, from Max Engle, who established it in 1931, and continuously operated it under the trade name "The Smart Shop" in Corpus Christi until it was sold to Max Cohen. The record is Max Engle used the trade name from 1931, until he sold it, as we have just stated, and that the plaintiff knew nothing about such use until April 1945, when Mr. Leon visited Corpus Christi and then observed the sign and store, looking into the store through the door and windows without entering. No note was taken of the matter by the plaintiff until August 1949, when plaintiff's attorney at its request addressed a letter to the defendant calling for a cessation of the use. The defendant persisted, and this suit followed.

The plaintiff presents eleven points of error and briefs them under six groupings. It says there is but a single simple issue involved in the cause which it states to be whether the defendant has established any right or at least a better or equal right to the use of plaintiff's corporate name as the trade name of its business, plaintiff's name having been lawfully acquired and used long prior to the beginning of defendant's use; and if so, whether it can continue to use such name in the particular script originally initiated by plaintiff. We think the issue presented by the litigation is, "Did Max Engle, by the adoption and use of the

trade name in Corpus Christi in 1931, invade the trade territory of plaintiff?" Or, to put it another way, "Did plaintiff's market and trade territory include the Corpus Christi trade territory in 1931?"

 It is elementary that a trade mark or name is property. The adoption of a name for a corporation and the incorporation thereunder does not confer upon the corporation the right to use the corporate name in competition with another person or concern using the same or a similar name as a trade name. Boozier v. McDonald, Tex.Civ.App., 177 S.W.2d 807; 63 C.J. 438, par. 122. Plaintiff's charter only protected it against the adoption of the name for corporate purposes in the State. For uses as a trade name it was upon the same basis and subject to the same rules as individuals (authorities just cited). Protection of the trade name, like a trade mark, extends only to the locality where the business is conducted and the name is known, the same being limited to plaintiff's market. 63 C.J. 323, and 444, par. 20 and 123, and the authorities there cited.

 In the instant case, in addition to the facts already set out, Mr. Leon testified he did not know Max Engle and knew nothing of the operation of the Corpus Christi store until April 1945, and that he did not consider the city of sufficient importance to justify litigation over the trade name. He also testified the business had customers from the beginning from all over the State, and that it had some 1200 charge accounts in Corpus Christi on the date of the trial, and cash customers he was unable to name or estimate, but there was no testimony concerning the conditions in 1931, save the statement they had customers scattered over the State. Mr. Leon further testified his knowledge of the confusion of the two businesses came to him through reports of customers coming to the Houston stores. The fact he knew nothing of the existence of the Corpus Christi business until April 1945, is sufficient to sustain the finding of the trial court there was no invasion of plaintiff's trade territory in 1931.

It is asserted by plaintiff the Corpus Christi business acquired no rights with respect to the user of the name in the Corpus Christi territory, because, in addition to the fact it had customers there from the beginning, the use and adoption of the name was with knowledge of the user, Max Engle, at the time of the adoption. This is predicated on the testimony of Lewis Weil, a nephew of Max Engle, that Max Engle told him he had visited in Houston at the Smart Shop and that James Leon told him his brother knew Max Engle, which James Leon denied. This is the whole of the testimony by the witness, because an objection to further testimony was sustained. On the other hand, Mr. Leon testified, as we have already noted, he never knew Max Engle.

It is true the signature cuts were so nearly identical after 1944, that the ordinary observer would not detect the difference, and that it is little less than incredible that two signature cuts would be developed so nearly alike without one being copied from the other. But, Mr. John A. Sharp, who operates a Neon sign business in Corpus Christi, and did in 1940, testified when Max Engle moved to the present location on Chaparral Street Engle called on him for a Neon sign; that the design was made up by their sketch artist and submitted to Mr. Engle; that the prevailing script used at that time was the "rolling script" such as is embodied in the sign and signature cut, and that it was originated by them and that he neither then nor at the time of the trial knew of a Houston Smart Shop and that it was originated and not copied.

 Whether or not Corpus Christi, in 1931 and the years immediately following, was within the trade territory of plaintiff, and whether or not Max Engle in good faith adopted the trade name without knowledge of the prior adoption and user by plaintiff were questions of fact to be determined by the trier of the facts. The trial court determined those facts against the plaintiff and the findings are amply supported by the evidence. In that situation the rule universally adhered to, so far as we have been able to determine, that the name will be protected only in the territory where the business is conducted and the name is known, the right to be coextensive with and limited to plaintiff's market and protection

will not be extended against a subsequent user, who in good faith adopts and uses the name or mark in a territory into which the market of the first user has not been extended, for where two users of the same or similar names or marks occupy essentially different territory, each is entitled to the exclusive use in his own territory as against the other, regardless of which is the earlier user. 63 C.J. pp. 319–321, par. 11, p. 444, par. 123, "Territory in which Protected"; 52 Am.Jur. p. 522, par. 27 and the authorities cited in the texts.

On the basis of the facts found by the trial court and recited herein it is our conclusion all the points presented by the plaintiff should be overruled and the judgment of the trial court affirmed and it is so ordered.