**GENERAL ADJUSTMENT BUREAU, INC., Plaintiff,**

v.

**Lawrence J. FUESS and Frank D. Powell dba General Adjustment Service, Defendant.**

**Civ. A. No. 9059.**

United States District Court
S. D. Texas,
Houston Division.

Feb. 17, 1961.

Thompson, Coe & Cousins, Vernon Coe, Dallas, Tex., Fulbright, Crooker, Freeman, Bates & Jaworski, Newton Gresham, Houston, Tex., for plaintiff.

· Downman & Lott, Jap C. Lott, Houston, Tex., for defendant.

HANNAY, Chief Judge.

### Findings of Fact

Plaintiff is a New York corporation, with its principal office in New York City, and with a permit to do business in the State of Texas.

Defendants are individual residents of Harris County, Texas, doing business in Harris County, Texas and elsewhere as General Adjustment Service, with its principal place of business in Houston, Texas.

The business of plaintiff is the adjustment of losses under contracts of insur-

ance issued by fire and casualty insurance companies.

All stock shares of plaintiff are held only by stock insurance companies or a nominee thereof, and at the time of the filing of this suit there were approximately 260 of such companies.

Plaintiff is operated under a General Manager, and there are five Regional Departments, each of which is headed by a departmental General Manager, giving services in every state in the Union. Within the five regional departments, there were at the time of the filing of this suit, approximately 324 branch offices situated in 35 states and the District of Columbia. The staff included some 2,000 adjusters and over 1,700 clerks.

Plaintiff and its predecessors have been in the business of adjusting losses for more than 40 years and have emphasized in the building of this service the knowledge, ability and integrity of each associate of the organization. The manner in which plaintiff conducts its assignments is an important factor in developing good will toward the entire insurance business, and as a result of excellent service plaintiff has a reputation for knowledge, ability and integrity.

The name of the most immediate predecessor of General Adjustment Bureau, Inc. was Fire Companies Adjustment Bureau, Inc., which latter name was used from the period beginning about 1930 until June, 1947, at which time the Fire Companies Adjustment Bureau, Inc. became General Adjustment Bureau, Inc. Since June, 1947, plaintiff has had that name in continuous use, and its services have been offered to its patrons under same. Services have been performed for member and non-member companies during the period of plaintiff's existence as an adjustment bureau.

The Southwestern Department of General Adjustment Bureau, Inc. has its headquarters at Dallas, Texas, and includes the states of Texas, Oklahoma, Arkansas and Louisiana. One of the branch offices is located in Houston, Texas.

Long before the acts of the defendant herein complained of, plaintiff has been adjusting claims and rendering its services under the name General Adjustment Bureau, Inc., and the value to it of the unimpaired use of such name, and the value to it of the use of its name without unfair competition from defendants, or without infringement upon its right to use its name by defendants, is in excess of the amount of $3,000, exclusive of interest and costs. Plaintiff under such name handled claims in the years 1953 and 1954 as follows:

| Territory | Year | No. of Claims Handled | Amount of Money Paid Out |
|---|---|---|---|
| In the whole United States | 1953 | 905,089 | $400,173,037.00 |
| In the whole United States | 1954 | 1,056,775 | 440,041,226.00 |
| Southwestern Department | 1953 | 191,351 | 77,673,576.00 |
| Southwestern Department | 1954 | 158,571 | 72,992,378.00 |
| Houston Branch Office | 1953 | 4,302 | 161,674.00 |
| Houston Branch Office | 1954 | 3,895 | 179,021.00 |

Plaintiff employed in its Houston Office at the time of the filing of this suit 18 persons, 11 of whom were adjusters; in its Southwestern Department over 600 employees; and in the United States approximately 3,700 employees.

Defendants, without the consent of plaintiff, began about December, 1954, to use the name "General Adjustment Service" as a partnership owned and operated by Lawrence J. Fuess and Frank D. Powell. The services offered under

such name were complete investigations and multiple line insurance adjustments. Since so beginning, defendants have been engaged in the business aforesaid in direct competition with plaintiff. The offering of the services of defendants under the name General Adjustment Service makes use of the two word combination "General Adjustment" in the offer of such services and in the handling of adjustments in a manner which plaintiff claims is confusing to persons dealing with both plaintiff and defendants by reason of the similarity of name of defendants' organization to the name of plaintiff. Plaintiff claims that this similarity is such as to constitute unfair competition because plaintiff says that the words "General Adjustment" in that combination have come to have a secondary meaning in the United States, including Harris County and adjoining areas, as referring to the services of the plaintiff. Those persons having claims for adjustment plaintiff claims rely upon services rendered by plaintiff because of its knowledge, ability and integrity for effecting equitable adjustment of claims.

Plaintiff further claims that the use of the name adopted by defendants for advertising, furnishing and handling of its service is such as to constitute an infringement of plaintiff's trade-name and trade rights, and that same constitutes an unfair practice by defendants against plaintiff's business and good will, and results in a deflection of those who attempt to procure the services of plaintiff but through error or misunderstanding procure the services of the defendants. Plaintiff says that because of the confliction of names, the similarity of names, and the identity of the two word combination "General Adjustment" appearing in such names is misleading and should be enjoined.

The actions of defendants in the adoption and the use of the name General Adjustment Service came to the attention of the plaintiff on or about December 20, 1954, and on December 28, 1954 defendants were placed upon notice by plaintiff that the General Adjustment Bureau, Inc. could and it would be damaged by infringement upon its good will by forwarding the following letter to defendants:

"December 28, 1954

"Registered—Return Receipt Requested

"Mr. Frank D. Powell, and
"Mr. L. J. Fuess,
"2524 Tangley Street,
"Houston, Texas.

"Gentlemen:

"We represent the General Adjustment Bureau, Inc., a corporation, in the writing of this letter. The subject to which the letter pertains has been referred to us for study and handling.

"It has come to the attention of the management of General Adjustment Bureau that you are operating under the assumed name "General Adjustment Service". We further understand that you are partners in the handling of the adjustment of casualty, workmen's compensation, fire and allied lines, bond and inland marine claims.

"The General Adjustment Bureau is a corporation that operates nationwide, and over a period of many years has built up a nation-wide reputation and good will. The name has come to have a secondary meaning which entitles it to protection from encroachment by other names so similar as to mislead the public.

"It is our opinion after a study of the authorities and a consideration of the similarity of your name to that of General Adjustment Bureau that you can be restrained through court action from continuing to use the name 'General Adjustment Service'.

"At this writing we have not been advised of any specific damage as a result of your operations, but it goes without saying that the General Adjustment Bureau could be damaged by any infringement upon

the good will that it has created by its long service to people in the insurance business. We are aware of the fact that your announcement of the opening of your business has only recently been made, one such announcement dated December 17, 1954 having come to your attention. Since your announcement points out that you are experienced and skillfully trained to handle the investigations and adjustments which you solicit by our announcement, we assume that you are familiar with the existence of the General Adjustment Bureau, and will therefore be aware of the seriousness of the infringement to which we refer.

"Yours very truly,

"(Signed) Vernon Coe.

"VC:jb"

On March 17, 1955, defendants filed among the assumed name records in Harris County, Texas, the affidavit of the said Lawrence J. Fuess and the said Frank D. Powell, that they would do business under the assumed name of General Adjustment Service of Houston, Harris County, Texas. Thereafter defendants continued to do business under such name and have continued to do so up until this date. This the plaintiff claims was contrary to commercial good faith and honest practice in business activities, and was with the fraudulent intent of deceiving the public into the belief that defendants are or are affiliated with the plaintiff and that the services offered by defendants are the services offered by or sponsored by the plaintiff, thereby diverting to defendants business intended for plaintiff.

Plaintiff in the original petition sought damages and for an injunction preventing defendant from the use of the two word combination "General Adjustment" or from the use of any other word or words confusingly similar to the name General Adjustment Bureau, Inc.

I find as a fact the material allegations set out in plaintiff's complaint have been proven by a preponderance of the evidence introduced.

■ Plaintiff has been using the name "General Adjustment Bureau, Inc." extensively and for many years. It was generally called by the abbreviated name "General Adjustment." This abbreviated name had acquired a wide reputation and had established and maintained through fine service rendered, and through advertising, good will of great value. This value plaintiff is entitled to have protected. Judge Learned Hand, in words characteristically apt, described a similar situation as follows:

"His mark is his authentic seal; by it he vouches for the goods which bear it; it carries his name for good or ill. If another uses it, he borrows the owner's reputation, whose quality no longer lies within his own control. This is an injury, even though the borrower does not tarnish it, or divert any sales by its use; for a reputation, like a face, is the symbol of its possessor and creator, and another can use it only as a mask. And so it has come to be recognized that, unless the borrower's use is so foreign to the owner's as to insure against any identification of the two, it is unlawful." Yale Elec. Corp. v. Robertson, 2 Cir., 1928, 26 F.2d 972, 974.

See also Ambassador East, Inc. v. Orsatti, Inc., 3 Cir., 257 F.2d 79, 81.

■ Before the advent of defendants in the adjusting business, plaintiff's said abbreviated name had acquired a secondary meaning sufficient to deserve protection as a trade name. The doctrine of "secondary meaning" seeks to protect a person against harm to his business which the actor might cause by misleading prospective purchasers into identifying the actor's goods, services, or business with those of the other. Trade-Mark Act of 1905, Sec. 1 et seq., 15 U.S.C.A. § 81 et seq.[1] See Aetna Casualty & Surety Co. v. Aetna Auto Finance, 123 F.2d 582, Fifth Circuit Opinion by Judge

[1]. Now 15 U.S.C.A. § 1051 et seq.

Hutcheson, and cases cited therein. See also the well reasoned case of Brooks Bros. v. Brooks Clothing of Cal., D.C., 60 F.Supp. 442, affirmed 9 Cir., 158 F.2d 798, certiorari denied 331 U.S. 824, 67 S.Ct. 1315, 91 L.Ed. 1840.

■ The use of the words in defendants name of "General Adjustment" was strikingly, confusingly and deceptively similar to plaintiff's name. This was calculated to and did lead to confusion. The defendants, with knowledge of this fact, deliberately attempted to profit by plaintiff's good reputation and good will by offering its service for that of plaintiff. This was a colorable imitation. The test of colorable imitation is not whether a difference may be recognized between the names of two competing articles when placed side by side but whether the difference would be recognized by the prospective customer with no opportunity for comparison. Best Foods v. Hemphill Packing Co., 3 Cir., 5 F.2d 355. In Abramson v. Coro, Inc., 240 F.2d 854, 856, the Fifth Circuit, speaking through Judge Borah, said:

> " * * * We take it to be the accepted rule that to establish infringement, plaintiff need only show as it did here that the name adopted by defendants is so similar to its trademark as to be *likely* to cause confusion among reasonably careful purchasers. * * * "

And further quoting from said Fifth Circuit's Opinion in Pure Foods v. Minute Maid Corp., 214 F.2d 792, 797:

> " * * * To authorize preventive relief through the issuance of an injunction proof of actual damage is not necessary, but the likelihood of damage is sufficient. (Citing many cases)."

■■ The use of the combination of words "General Adjustment" by defendants resulted in confusion and infringement. The term "confusion" means that the public did attribute to the defendants plaintiff's product or service. See Riverbank Laboratories v. Hardwood Products Corp., D.C., 165 F.Supp. 747, 755. To constitute infringement, it is not necessary to use the identical words but any colorable imitation is sufficient. Vick Chemical Co. v. Vick Medicine Co., 5 Cir., 8 F.2d 49, 51, citing Thaddeus Davids Co. v. Davids, 233 U.S. 461–469, 34 S.Ct. 648, 58 L.Ed. 1046, Ann.Cas. 1915B, 322.

■ I further find that unfair competition is a tort as governed by the tort law of the state in which the cause of action arose. In Walters v. Building Maintenance Service, Tex.Civ.App., 291 S.W. 2d 377, the court clearly held to this effect. See also Marshall Mfg. Co. v. Verhalen, Tex.Civ.App., 163 S.W.2d 665, error expressly refused by Tex.Supreme Court; Burge v. Dallas Retail Merchants Association, Tex.Civ.App., 257 S.W.2d 733.

■ From the above, it is clear, and the Court does now expressly hold, that defendant was guilty of unfair competition and did infringe upon the rights of the plaintiff herein, and in so doing was guilty of bad faith and fraudulent misconduct.

Although damages were shown, the plaintiff, as of the time of the trial, did not insist upon same.

### Conclusions of Law

#### 1.

I conclude as a matter of law that this Court has jurisdiction over the parties and subject matter of this law suit.

#### 2.

I further conclude that plaintiff's prayer for injunctive relief should be and hereby is granted.

#### 3.

I further assess all costs of this suit against the defendants.

Clerk will notify counsel.