JUD PLUMBING SHOP ON WHEELS, INC., et al., Appellants,

v.

JUD PLUMBING AND HEATING CO., INC., Appellee.

No. 04–83–00412–CV.

Court of Appeals of Texas, San Antonio.

June 28, 1985.

Rehearing Denied July 25, 1985.

Carl Raymond Crites, San Antonio, for appellants.

Thomas H. Crofts, Jr., J. Michael Ezzell, Groce, Locke & Hebdon, San Antonio, for appellee.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## ON APPELLEE'S MOTION FOR REHEARING

ESQUIVEL, Justice.

Appellee has filed a motion for rehearing. Upon consideration of the points of error raised by appellee in its motion, we grant the motion for rehearing. Our prior opinion is withdrawn and the following substituted therefor.

This is an appeal from an order granting a temporary injunction wherein appellants, Jud Plumbing Shop on Wheels, Inc., d/b/a Jud Mechanical Service, and each and all of its owners, agents, servants and employees were enjoined from: (1) utilizing the name "Jud" in any manner, except that they

were permitted to continue using the full name "Jud Plumbing Shop on Wheels, Inc."; (2) using the term "Jud Mechanical Service" in any manner whatsoever; (3) using all labels, signs, prints, packages, wrappers, receptacles, cards and advertisements in the possession of the appellants bearing the mark "Jud" in a form other than "Jud Plumbing Shop on Wheels, Inc."; (4) adding any telephone directory listings except those that contained "Jud" only in the form of the full name "Jud Plumbing Shop on Wheels, Inc." Further, appellants were ordered to: (1) make good faith efforts to forward any and all misdirected communications, whether of oral, written, or telephonic origin of any nature, which appeared to be meant for the appellee to the appellee; (2) delete from accounts held by customers, suppliers, or other individuals or companies with which defendant does business, any reference to "Jud" other than is used in the full name "Jud Plumbing Shop on Wheels, Inc."; (3) immediately notify any local, county, or state governments, with which any registrations have been made which purport to refer to "Jud" in any form other than "Jud Plumbing Shop on Wheels, Inc.," that the use of "Jud" other than in the form "Jud Plumbing Shop on Wheels, Inc." is being suspended pending disposition on the merits of this lawsuit and appellants make no further registrations which refer to "Jud" other than as "Jud Plumbing Shop on Wheels, Inc."

Appellee's complaint at trial was that appellants were using advertising practices which unfairly emphasize the similarity between their trade name and the trade name of the appellants. Appellee alleged that the appellants' actions caused the public to be confused, misled and deceived, and that their alleged actions were for the purpose of creating the impression with the public that their business was that of the appellee or affiliated with appellee. Appellee also claimed that the appellants' acts constituted unfair competition. In its first amended original petition, appellee added a cause of action for violation of 15 U.S.C.A. § 1125(a) (West 1982), known as the Lanham Act.

From the order above referred to the appellants pursue this appeal. Appellants present four points of error.

In point of error number one, appellants allege the trial court erred in finding and concluding that appellee will probably prevail on the trial of this cause for the reason that under the state of the uncontroverted evidence from appellee's witnesses in this record, appellants would be entitled to judgment as a matter of law. In point of error number two, the appellants allege the trial court erred in finding and concluding "that the continued use by Jud Plumbing Shop on Wheels, Inc. of its trade name 'Jud Mechanical Service' will alter the status quo and tend to make ineffectual a judgment in favor of Jud Plumbing and Heating, Inc.," for the reason that the uncontroverted evidence in the record shows that the use by the appellants of the trade name "Jud Mechanical Service" was the status quo at the time of the hearing on temporary injunction and had been for more than three years prior to the time of the hearing on the temporary injunction. In point of error number three, the appellants allege that the trial court erred in finding and concluding "that the good will and business reputation belonging to and established by Jud Plumbing and Heating, Inc. will be irreparably harmed and damaged because of confusion of the public in and around San Antonio, Bexar County, Texas, between the terms 'Jud Mechanical Service' and 'Jud' or Jud Plumbing and Heating, Inc. and that Jud Plumbing and Heating, Inc. will be without an adequate remedy at law," for the reason that there is no evidence, or alternatively, insufficient evidence in the record to support such findings and conclusions. In point of error number four, appellants allege the trial court erred in denying its request for a supersedeas bond for the purpose of suspending the temporary injunction for the reason that under the facts in this record and the terms of the temporary injunction it is clearly inequitable to impose upon the defendants the virtual cessation of their going business under a trade name and use

for more than three years and to impose the other burdens set out in the temporary injunction, particularly in view of the laches of the appellee in filing the suit in the original instance and in appellee's lack of diligence in seeking the temporary injunction.

The undisputed facts reveal that the appellee is a corporation wholly owned in equal shares by Howard Decker and Hollis E. Dowlearn, Jr. Both men are active in the management of the company and they were the principal witnesses for the company at the hearing on the motion. Appellee sued appellants, a corporation wholly owned by Charles A. Hughey. Mr. Hughey manages the appellants' corporation. There has been no principal named Jud associated with either company since 1950, when one T.W. Neely bought out the interest of Ed Jud in both companies. Jud Plumbing and Heating Co., Inc., is a plumbing, heating and air conditioning contractor with a history of work on large installations going back to 1929, when the appellee's predecessor carried out the total plumbing, heating and air conditioning contract on the Smith-Young Tower. Appellee's volume of business, at the time of the hearing on the motion, ranged from approximately six to nine million dollars a year, and it employed approximately seventy-five people. Appellants' business, when it was acquired by its then stockholders in 1975, was a modest repair service operated by two employees. In 1980, three persons were involved in the appellants' repair business; Edward J. Marek, his son, Edward F. Marek, and Charles A. Hughey. Mr. Hughey has since become sole owner of the company.

■■■ A trade name is a designation which is adopted and used by a person either to designate a good he markets or a service he renders or a business which he conducts. *See Walters v. Building Maintenance Service, Inc.*, 291 S.W.2d 377, 382 (Tex.Civ.App.—Dallas 1956, no writ). "It is elementary that a trademark or name is property." *Smart Shop v. Colbert's*, 250 S.W.2d 431, 433 (Tex.Civ.App.—El Paso

1951, writ ref'd n.r.e.). A trade name represents the good will that has been built up by the energy, time and money of the user of the name. *Hanover Manufacturing Co., Inc. v. Ed Hanover Trailers, Inc.*, 434 S.W.2d 109, 111 (Tex.1968). The crux of the appellee's cause of action in the trial court below was based on the concept of unfair competition. *See, e.g., Avnet v. Texas Centennial Central Exposition*, 96 S.W.2d 685, 687 (Tex.Civ.App.—Dallas 1936, writ dism'd). Unfair competition is founded upon common law; it is a tort and is governed by the law of the state wherein the cause of action arises. *General Adjustment Bureau, Inc. v. Fuess*, 192 F.Supp. 542, 547 (S.D.Tex.1961).

■■■ Appellant cites the case of *Goidl v. Advance Neckwear Co.*, 132 Tex. 308, 123 S.W.2d 865 (1939), for the proposition that an individual cannot be restricted in the use of his own name unless he uses it fraudulently or dishonestly to injure someone. *Id.* at 313, 123 S.W.2d at 867. While this rule is generally true, it is not applicable to this case because neither of the parties to this action are named Jud. Therefore, the question is whether appellants have a name that is sufficiently similar to provoke competitive confusion and deception to the general public. *Carson v. Harris*, 242 S.W.2d 777, 780 (Tex.Civ.App.—San Antonio 1951, writ ref'd n.r.e.). Thus, fraud or dishonesty is not part of our inquiry when the facts do not involve an individual's use of his own name. Further, intent is not a necessary element to be proved in order to prevail in an unfair competition claim. Neither is actual deception, an element that must be proved. Appellee only had to show that a deception would naturally and probably result from appellant's use of the name Jud Mechanical Service, or that the public was likely to be deceived or confused. *Line Enterprises, Inc. v. Hooks & Matteson Enterprise, Inc.*, 659 S.W.2d 113, 117 (Tex.App.—Amarillo 1983, no writ).

Pursuant to TEX.BUS.CORP.ACT ANN. art. 2.05 (Vernon 1980), appellant secured a notice of approval of the similar corporate

name which in effect told the secretary of state that appellee consented to appellants' use of the name Jud Plumbing Shop on Wheels, Inc. Such a letter is necessary "if a comparison of the names by the secretary of state reveals similarities which may tend to be misleading as to the identity or affiliation of the corporation, but not to the extent that the names are the same or deceptively similar." 1 TEX.ADMIN. CODE § 79.40 (Shepard's May 1, 1982). "The use of a surname, or surnames, as part of a proposed corporate name is not similar if there is some other sufficient basis for distinction of the two corporate names." *See id.* § 79.45. If the proposed corporate name is the same as or deceptively similar to a corporate name on file, that name cannot be filed even though the existing corporation may grant a letter of consent. *Id.* §§ 79.36–79.38.

 A temporary injunction is proper only to preserve the status quo pending a final trial on the merits. *See Gaal v. BASF Wyandotte Corp.*, 533 S.W.2d 152 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ). The applicant for temporary injunction must show a probable right and a probable injury to that right if the respondent is allowed to continue the action complained of. *See id.* at 154. Our scope of review in such a case is limited to a question of whether the order granting the temporary injunction in this case constituted a clear abuse of discretion. *See Douglas v. Taylor*, 497 S.W.2d 308, 309 (Tex.Civ.App. —Houston [1st Dist.] 1973, no writ).

 Appellee pled that appellants were engaging in unfair advertising practices which resulted in damages to the appellee's business. Two of the appellee's principal officers testified at the hearing on the temporary injunction. The witness, Decker, vice-president and secretary of appellee, admitted that the advertising of the appellants was not false and that there was no similarity of names, as follows:

Q: One way or the other. All right, sir. Did you find anything in the advertising that you saw there, anything that

was false or deceptive, that you consider false or deceptive?

A: Jud Mechanical Service is listed there, which is one of the things we object to, of course.

Q: I understand you object to—

A: I don't see that that is—I don't know whether that's necessarily false, it certainly isn't false. It, I suppose I'm sure, could cause people to call the wrong Jud on occasion. If that constitutes deception.

Q: Well, but that would be simply because—there's no similarity between the name Jud Mechanical Service and Jud Plumbing and Heating Supply [sic] Company, Inc., is there?

A: No, sir. But the more Juds you add, why the more confusion you create.

\* \* \* \* \* \*

Q: Have you ever heard of Jud Plumbing Shop On Wheels, doing business as Jud Mechanical Service or not, have you ever heard of it falsely describing or representing itself as being the same company as Jud Plumbing and Heating Company, Inc.?

A: No, sir.

Q: Do you know of any occasion where the defendant has sought to make a false designation of origin of goods or a false description or representation, including words and other symbols falsely describing and representing the services of Jud Plumbing Shop On Wheels, doing business as Jud Mechanical Service, being the services and goods of Jud Plumbing and Heating Company, Inc.?

A: I do not have my own—I do not of my own knowledge know that Jud Mechanical Service has represented themselves as Jud Plumbing and Heating, if this is what you are asking me.

Q: Or ship any goods claiming that they were Jud Plumbing and Heating Company?

A: I don't know about that either, no.

Q: Or put goods in interstate commerce in any way?

A: No.

The witness, Dowlearn, president of appellee, responded to a question concerning appellants' work quality and reputation as follows:

Q: Based on what we have just had, what you just read and discussed in the record from Plaintiff's Exhibit 6 regarding the recommendations, you'd have no reason to think that they were not doing anything but good work and developing a good reputation of their own, would you?

A: No, sir, I have no reason to.

\* \* \* \* \* \*

I think the primary reason, we are a mechanical contractor and they are calling themselves Jud Mechanical Contractor [sic] they are confusing our customers, they are confusing our suppliers, and it's just a mass of confusion among all of us. And I don't think that they should be allowed to continue as Jud Mechanical because we are actually a mechanical contractor.

Thus, while it is clear that the appellee's principals had no knowledge of any actual deception or actual intent to deceive, that does not mean that they were not entitled to relief.

As to the confusion between the names, appellee called Mrs. Tillie Mata as a witness. Summarized, her testimony revealed that she needed plumbing work done and called what she thought was appellee Jud Plumbing and Heating, but actually talked to appellant Jud Mechanical Service. She received service from and was billed by Jud Mechanical Service. According to her testimony, she looked in the Yellow Pages under "Plumbing" and had seen the words "Jud Plumbing" and she did not continue to read the names to determine whether she was contacting Jud Plumbing Shop on Wheels or Jud Plumbing and Heating. She testified that her confusion arose simply out of the fact that there were two companies in the plumbing listings with the name Jud Plumbing. Appellants' trade name Jud Mechanical Service was not in any way involved in her confusion. According to

appellants' principal, Hughey, avoidance of just such confusion was a reason for adopting the trade name Jud Mechanical Service. It appears there is far less similarity and less likelihood of confusion in regard to Jud Plumbing and Heating Co. and Jud Mechanical Service than in regard to the former situation, Jud Plumbing and Heating Co., Inc. and Jud Plumbing Shop on Wheels, Inc.

The record contains, however, evidence of confusion among the people comprising the good will of appellee Jud. It is undisputed that the name of appellee, Jud Plumbing & Heating Co., Inc., and the name used by appellant, Jud Plumbing Shop on Wheels, both identify companies that provide plumbing, heating and air conditioning services to the consuming public. There is testimony in the record that the use of the word "mechanical" in "d/b/a Jud Mechanical Service" indicates that plumbing and heating services are offered. An employee of a local glass company and member of the Builder's Exchange became confused when appellant Jud applied for membership in the Builder's Exchange and was of the initial opinion that it was a new application of appellee Jud. The record also discloses that after appellant Jud began operating under the name Jud Mechanical Service, a local heating and air conditioning company believed that appellee Jud was a successful bidder on a project at a local Air Force base when in fact it was appellant Jud who was successful in its bid. The record further discloses that appellee Jud received several calls after appellant Jud began operating under the name "Jud Mechanical Service" from people who apparently confused the two. There is also testimony that service and supply companies dealing with the two parties in this case were confused and have sent invoices to appellee Jud that were meant for appellant Jud and have sent statements to appellant Jud that were in fact intended for appellee Jud.

We, therefore, hold that the trial court did not abuse its discretion in granting the temporary injunction. It maintains the sta-

tus quo; and it is supported by evidence of a likelihood of confusion resulting in the good will and business reputation of appellee Jud Plumbing & Heating being irreparably harmed and damaged by appellant Jud's use of the name Jud Mechanical Service. Even if, at best, there is a conflict in the evidence as to the likelihood of confusion, there cannot be an abuse of discretion. *See Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978). Appellants' point of errors one, two and three are overruled.

In point of error four, the appellants allege the trial court committed error in refusing to order a supersedeas bond on the temporary injunction. The granting or denial of the supersedeas bond to suspend the operation of a temporary injunction is interlocutory, and not appealable. *Cf. Irving Bank & Trust Co. v. Second Land Corp.,* 544 S.W.2d 684, 689 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.). We hold the trial court's refusal to order a supersedeas bond on the temporary injunction is not reviewable on appeal. Appellants' point of error number four is overruled.

Accordingly, in light of our disposition of appellants' points of error, the judgment of the trial court is affirmed.