**Richard L. THOMPSON, Individually and d/b/a Richard L. Thompson Electric and Air Conditioning, Appellant,**

v.

**THOMPSON AIR CONDITIONING AND HEATING, INC., d/b/a Thompson Air Conditioning and Heating and d/b/a Thompson Air Conditioning, Appellee.**

No. 06–94–00063–CV.

Court of Appeals of Texas, Texarkana.

Argued Sept. 13, 1994.

Decided Sept. 19, 1994.

defendant committed the offense.

Anthony G. Parham, Irving, TX.

James L. Clark, Naples, TX.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

In this trade name infringement action, tried without a jury, the trial court granted a permanent injunction against Richard Thompson. Richard Thompson contends on appeal that the injunction is vague or too broad; the trial court erred in concluding that the name "Thompson Air Conditioning and Heating" was entitled to protection; there is no evidence to support the trial court's findings of a likelihood of confusion between the name "Thompson Air Conditioning and Heating" and Richard Thompson's business, and of irreparable harm absent a permanent injunction; and the suit was barred by the statute of limitations or precluded by the doctrine of laches. We find no error and affirm.

Steve Thompson purchased the Thompson Air Conditioning business from his brother, Richard Thompson, in April 1987. Under the contract for sale of the business, Steve Thompson obtained the exclusive right to use the name "Thompson Air Conditioning and Heating," but Richard Thompson retained the right to engage in the air conditioning and electrical trade so long as he did not hire any assistants for a period of three years following the sale.

Richard Thompson continued to work in the air conditioning and electrical business and filed an assumed name affidavit in 1992 asserting the use of the name "Richard Thompson Heating and Air Conditioning." This act, in combination with confusion in the businesses' listings in the phone book and some advertisements in the local newspaper, prompted legal action. Thompson Air Conditioning filed suit on February 10, 1993, and sought to enjoin Richard Thompson from using the name Thompson in conjunction with the term "air conditioning."

The court, finding in favor of Thompson Air Conditioning, entered a permanent injunction prohibiting Richard Thompson from

> [u]sing the words THOMPSON and AIR CONDITIONING directly or indirectly in connection with the sales and servicing of heating and air conditioning units and equipment, or related products, the trade style "THOMPSON HEATING AND AIR CONDITIONING" or any similar name using THOMPSON AIR CONDITIONING, or any other combination of words combining THOMPSON with AIR CONDITIONING, in the Mt. Pleasant, Titus, Camp, Morris, and Franklin County, Texas area.

A trade name is a designation that is adopted and used by a person to designate a good he markets, a service he renders, or a business he conducts. *Jud Plumbing Shop on Wheels, Inc. v. Jud Plumbing and Heating Co.*, 695 S.W.2d 75, 78 (Tex.App.—San Antonio 1985, no writ). A trade name is property and represents the goodwill that has been built up by the energy, time, and money of the user of the mark. *Hanover Mfg. Co. v. Ed Hanover Trailers, Inc.*, 434 S.W.2d 109, 111 (Tex.1968); *Jud Plumbing*, 695 S.W.2d at 78. To prevail in its common-law action for trade name infringement, Thompson Air Conditioning had the burden to establish the following elements: that the name it seeks to protect is eligible for protection, that it is a senior user of the name, and that there is a likelihood of confusion between its name and that of the other user. *Zapata Corp. v. Zapata Trading Int'l, Inc.*, 841 S.W.2d 45, 47 (Tex.App.—Houston [14th Dist.] 1992, no writ) (citing *Union Nat'l Bank v. Union Nat'l Bank*, 909 F.2d 839 (5th Cir.1990)). Because Thompson Air Conditioning sought a permanent injunction, it also had to show that the likelihood of confusion would cause irreparable injury for which no adequate remedy at law exists. *Id.*

■ Richard Thompson complains that the injunction, if appropriate at all, is vague and broader than necessary to prevent confusion. The order prohibits Richard Thompson from using his surname and the words "air conditioning" directly or indirectly with the sale or servicing of air conditioning and heating units and equipment. Richard Thompson contends that the order is vague for failing to define what constitutes indirect use of these names.

■ Every order granting an injunction must describe in reasonable detail the acts sought to be restrained. *See* TEX.R.CIV.P. 683; *Grayson County Officials v. Dennard,* 574 S.W.2d 179, 185 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). The injunction should be capable of reasonable construction and good faith obedience. *Clear Lake City Water Auth. v. Winograd,* 695 S.W.2d 632, 643 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *see also Ex parte Blasingame,* 748 S.W.2d 444, 446 (Tex.1988) (injunctive order must be clear, specific, and unambiguous before person can be held in contempt for disobeying the order).

■ A permanent injunction should not be more comprehensive or restrictive than justified by the pleadings, evidence, and usages of equity. *Turner v. State,* 850 S.W.2d 210, 213 (Tex.App.—Texarkana 1993, no writ). Nonetheless, it must be broad enough to prevent a repetition of the evil sought to be corrected. *Hitt v. Mabry,* 687 S.W.2d 791, 795 (Tex. App.—San Antonio 1985, no writ). The injunction requires Richard Thompson to avoid using his surname and the descriptive term "air conditioning" directly or indirectly in connection with the business of selling or servicing air conditioning and heating equipment in the specified geographic area. *Cf. Breithaupt v. Navarro County,* 675 S.W.2d 335, 340 (Tex.App.—Waco 1984, writ ref'd n.r.e.) (upholding injunction commanding the Breithaupts to stop "directly or indirectly interfering with the use of [a public] road"). The injunction is not impermissibly vague. Given a reasonable construction, the injunction informs Richard Thompson that any act on his part that infringes on the trade name of Thompson Air Conditioning and Heating is prohibited.

■ Richard Thompson further contends that the trial court erred in holding that the name "Thompson Air Conditioning and Heating" was entitled to protection. As a general rule, there can be no exclusive appropriation of a family surname to the exclusion of those who possess the same surname. *Goidl v. Advance Neckwear Co.,* 132 Tex. 308, 123 S.W.2d 865, 867 (1939). A person has the right to use his own name in his own business, absent fraud or an intentional and voluntary relinquishment of that right by contract or estoppel, even though such use may be detrimental to another person who was using the same name prior in time. *Hanover Mfg. Co.,* 434 S.W.2d at 112; *Goidl,* 123 S.W.2d at 866; *see also Haltom v. Haltom's Jewelers, Inc.,* 691 S.W.2d 823, 825–26 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.). Moreover, in the absence of fraud, a name merely descriptive of the business carried on cannot be exclusively appropriated as against others who can and do use the name with equal truth, even if the words have acquired a secondary meaning. *Pipe Linings, Inc. v. Inplace Linings, Inc.,* 349 S.W.2d 279, 280 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n.r.e.).

■ However, the general rule does not apply when one contracts away rights to the use of a name. *See, e.g., Hanover Mfg. Co.,* 434 S.W.2d at 112. In *Hanover,* Ed Hanover had formed Hanover Manufacturing Company and then subsequently sold the business. Ed Hanover then set up a competing business, namely Ed Hanover Trailers, across the road from his old company. The supreme court found that Ed Hanover was attempting to mislead the public and appropriate the benefit of the goodwill of the established business, Ed Hanover Manufacturing, and that he was estopped from using his name because he had sold the name and the goodwill associated with it. *Id.* at 112.

Thompson Air Conditioning and Heating has been in business since 1973. In the contract for sale of his business, Richard Thompson sold the exclusive right to use the name "Thompson Air Conditioning and Heating"—a name that he concedes had some value to it at the time he sold his business.

After the sale of the business, Richard Thompson retained the accounts receivable, but forwarded his customer records to his brother. Despite conveying the right to use the name "Thompson Air Conditioning and Heating," Richard Thompson now asserts his right to use his surname in combination with terms descriptive of his business.

Richard Thompson is not prohibited from using his surname under any circumstances, but from using it in conjunction with the descriptive term "air conditioning." Similarly, Richard Thompson may use the descriptive term "air conditioning" so long as he does not use it in connection with his surname. The trial court did not err in determining that "Thompson Air Conditioning and Heating," a name exclusively owned by Steve Thompson as provided for under the 1987 contract for sale of the business, was a protectable trade name under the facts of this case.

■ Richard Thompson also maintains that there is no evidence to support the trial court's finding that a likelihood of confusion of the two businesses exists and that this likelihood of confusion will result in irreparable injury unless the trial court issues an injunction. Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict, and the court's findings of fact are reviewable for sufficiency of the evidence by the same standards that are applied in reviewing the evidence supporting a jury's answers. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex.1991). In reviewing no evidence points, we consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary. *Havner v. E–Z Mart Stores, Inc.,* 825 S.W.2d 456, 458 (Tex.1992). If there is any evidence of probative force to support the finding, we overrule the point and uphold the finding. *In re King's Estate,* 150 Tex. 662, 664, 244 S.W.2d 660, 661 (1951).

■ Proof of actual confusion is not required, but proof of actual confusion is probative evidence that a likelihood of confusion exists. *Zapata,* 841 S.W.2d at 48. Once actual confusion is proved, an almost overwhelming amount of proof is necessary to refute the existence of a likelihood of confusion. *Id.; see also Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha,* 754 F.2d 591, 597 (5th Cir.1985).

■ Steve Thompson testified that a number of customers and suppliers had complained to him about the confusion between his business and the business operated by Richard Thompson. Three witnesses, Peggy Helbert, Naomi Copeland, and Tim Spruill, testified about their confusion when they needed work done on their air conditioners and, in attempting to contact Thompson Air Conditioning to do the repairs, instead contacted Richard Thompson.

As further proof to support the court's finding that a likelihood of confusion exists, Thompson Air Conditioning introduced the advertisements it placed in the classified advertising section of the local newspaper. A star border outlined each advertisement. Richard Thompson also advertised his business in the same newspaper. His advertisements also used a star border and were approximately the same size as the advertisements for his brother's business. There is some evidence to support the trial court's finding of a likelihood of confusion.

■ As for proof of a continuing injury causing him irreparable harm, Steve Thompson testified that he has worked to build up the business since 1987, that sales increased from $300,000.00 to $750,000.00 in the years since he purchased the company, and that it now enjoys a strong reputation in the community. Steve Thompson testified that the confusion is hurting his company, although he could not assign a dollar amount to the harm and could not ascertain how many potential customers contacted Richard Thompson when trying to contact Thompson Air Conditioning. There is some evidence to support the trial court's determination that injunctive relief is appropriate because the likelihood of confusion otherwise will result in irreparable harm to Steve Thompson's company.

■ Richard Thompson further maintains that the trial court erred in failing to find that this suit was barred by a two-year

statute of limitations. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986). Thompson Air Conditioning's amended petition alleges trade name infringement from 1988 to the present. This suit was originally filed on February 10, 1993. Richard Thompson argues that the testimony shows that, as early as November 1988, he was operating an air conditioning repair business and that his brother knew this. This is a suit seeking injunctive relief, not damages, from a continuing harm. *Cf.* TEX.BUS. & COM.CODE ANN. § 16.26 (Vernon 1987) (providing that, in suit for infringement of registered mark, registrant may recover for damages occurring no more than two years before suit filed); *Arquette v. Hancock*, 656 S.W.2d 627, 629 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.) (defining when cause of action accrues for purposes of continuous tort). Every day that Richard Thompson infringes on the Thompson Air Conditioning name harms the business. The trial court did not err by failing to find that limitations barred this suit.

■ Alternatively, Richard Thompson asserts that the trial court should have found that the suit was barred by the doctrine of laches. Laches is an affirmative defense. *See* TEX.R.CIV.P. 94. The burden of proof is on the party asserting the doctrine as a bar to the suit. *See Maddux v. Brownen*, 759 S.W.2d 183, 185 (Tex.App.—Waco 1988, writ denied).

■ When a party challenges the legal sufficiency of the evidence to support an adverse finding on an issue on which he had the burden of proof, he must demonstrate on appeal that he conclusively established all vital facts in support of the issue. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). The reviewing court will first examine the record for evidence to support the finding and ignore all evidence to the contrary; if there is no evidence to support the finding, the reviewing court then examines the entire record to determine if the contrary proposition is established as a matter of law. *Id.*

■ When a party challenges the factual sufficiency of the evidence supporting a finding on an issue on which he had the burden of proof, the reviewing court considers all of the evidence and sets aside the finding only if it is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175 (Tex.1986); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660. We also review the legal conclusions drawn from the facts to determine their correctness. *See Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

■ Two essential elements of the doctrine of laches are a person's unreasonable delay in asserting his legal or equitable rights and a good faith change of position by another to his detriment because of the delay. *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex.1989). The trial court found that Richard Thompson had failed to present any evidence that Thompson Air Conditioning had inexcusably delayed in asserting its rights or that he suffered undue prejudice because of any delay.

While Steve Thompson admitted knowing that his brother was doing electrical work in 1990 and perhaps even earlier, he denied knowing that his brother was infringing on the trade name at that time. Steve Thompson testified that the confusion between his business and his brother's business began with advertisements placed in the December 1991 telephone directory and continued with the newspaper advertising in 1992. Richard Thompson also filed an assumed name affidavit in 1992 asserting use of the name "Richard Thompson Heating and Air Conditioning," but did stop using this name when contacted by Thompson Air Conditioning's lawyer and began using the name "Richard Thompson d/b/a Air Conditioning Service Company."

Richard Thompson argues that he was prejudiced because the delay caused the memories of the witnesses to fade and points to the testimony of Helbert, Copeland, and Spruill as examples. This is the only assertion of prejudice he makes in his brief. The testimony of Helbert, Copeland, and Spruill concerned their respective attempts to contact Thompson Air Conditioning when they

were having trouble with their air conditioners in 1992, about a year before the trial.

Richard Thompson did not establish as a matter of law that Thompson Air Conditioning inexcusably delayed in bringing this action or that he was unduly prejudiced by any delay, and the trial court's finding that no such delay or prejudice was shown is not against the great weight and preponderance of the evidence.

We affirm the judgment of the trial court.

CORNELIUS, Chief Justice, dissenting.

I agree with Justice Bleil's opinion in most respects, but I believe the trial court's injunction here should be modified somewhat.

The contract of sale between the parties conveyed to Steve Thompson "[t]he exclusive right to use the name Thompson Air Conditioning and Heating." The injunction granted by the trial court prohibits Richard Thompson from using Thompson Air Conditioning and Heating in any combination, as well as "any similar name using THOMPSON AIR CONDITIONING, or any other combination of words containing THOMPSON with AIR CONDITIONING...."

The injunction is overly broad. The contract does not convey the exclusive right to use similar names. It conveys specifically the exclusive right to the name Thompson Air Conditioning and Heating. It is improper to expand the contract language to cover names it does not include. The contract does not preclude Richard Thompson from using similar names, even if they are deceptively similar, and the common law does not impose such a limit on the use of one's own surname together with an occupationally descriptive term.

I would modify the injunction to prohibit only the use of the name "Thompson Air Conditioning and Heating" and eliminate the additional provisions against similar names.