

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00453-CV

**GUILLERMO BENAVIDES GARZA INVESTMENT CO.**, Manuel A. Benavides, and
Norma Z. Benavides,
Appellants

v.

Guillermo **BENAVIDES, Z.**, Individually and Derivatively on behalf of GBG Ranch, LTD,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2011-CVF-00194-D1
The Honorable Joe Lopez, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:     Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  July 9, 2014

REVERSED; TEMPORARY INJUNCTION DISSOLVED

Guillermo Benavides Garza Investment Co., Manuel A. Benavides, and Norma Z.
Benavides appeal the trial court's order granting a temporary injunction. Because the applicant,
Guillermo Benavides, Z., did not show that he would suffer irreparable harm or that any judgment
he obtained would be rendered ineffectual in the absence of a temporary injunction, we hold the
trial court abused its discretion in granting the injunction, reverse the trial court's order, and
dissolve the temporary injunction.

**BACKGROUND**

The parties to this appeal are members of the Benavides family and various Benavides related entities. Appellee Guillermo Benavides, Z. ("Memo") and appellant Manuel A. Benavides ("Guero") are brothers and are the children of appellant Norma Z. Benavides and her late husband, Guillermo Benavides Garza ("Benavides"). Benavides amassed considerable holdings in land and minerals during his lifetime. When he passed away, his will directed the residue of his estate into a residuary trust ("the Residuary Trust"). The will designated Norma, Memo, and Guero as trustees, positions in which they continue to serve. The three were also designated as beneficiaries of the Residuary Trust.

The Residuary Trust and Guero each own a fifty-percent interest in the Guillermo Benavides Garza Investment Company ("the Company"). The Company is the general partner of a number of limited partnerships in which most of the Benavides family fortune is held. Norma, Memo, and Guero all serve as directors of the Company.

GBG Ranch, Ltd. ("the Ranch") is one of the limited partnerships for which the Company serves as the general partner. The Residuary Trust, Memo, and Guero are three of the Ranch's limited partners.

Sometime in 2006, there was a falling out between Memo on the one side, and Guero and Norma on the other side, about the management of the Benavides family's various business entities. This falling out has splintered the larger Benavides family and spawned several legal proceedings. The trial court consolidated five lawsuits into this cause.

On May 21, 2013, Guero served Memo with a Notice of Meeting for the Residuary Trust as well as a Notice of Special Meeting of the Shareholders of the Company. The meetings of the Residuary Trust and the Company's shareholders were scheduled to be held on June 6, 2013. The sole agenda item for the Company's shareholders' meeting was to vote on whether to remove

Memo as a director of the Company. The main agenda item for the meeting of the Residuary Trust was to decide how to vote the Residuary Trust's shares as to Memo's removal as a director at the Company's shareholders' meeting.

Memo filed an application for injunctive relief, seeking a temporary restraining order and a temporary injunction to prevent the trustees of the Residuary Trust from meeting to decide whether the Residuary Trust would vote for Memo's removal as a director of the Company. The trial court granted Memo a temporary restraining order, held a series of hearings on his request for a temporary injunction, and granted the temporary injunction on July 2, 2013. The trial court concluded that Memo was eligible for a temporary injunction under both traditional equitable principles and subsection 65.011(2) of the Texas Civil Practice and Remedies Code. The trial court enjoined:

> Guero Benavides and Norma Benavides, or their officers, agents, employees, successors and assigns, from directly or indirectly convening and conducting a meeting of the co-trustees of the Residuary Trust for the purpose of determining the manner in which the Residuary Trust will vote its 100 shares in GBGIC, regarding the removal of Memo Benavides as a director of GBGIC.

This appeal followed.[1]

## TEMPORARY INJUNCTIONS

The purpose of a temporary injunction is to preserve the status quo of the subject matter of the litigation pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). "Whether to grant or deny a temporary injunction is within the trial court's sound discretion," and we "reverse an order granting injunctive relief only if the trial court abused that discretion." *Id.* Under the abuse-of-discretion standard, "we review the evidence submitted to the

---

[1] The order granting the temporary injunction set this cause for trial on October 21, 2013. The parties agreed to continue the trial and have not obtained another trial setting during the pendency of this appeal.

trial court in the light most favorable to the court's ruling, draw all legitimate inferences from the evidence, and defer to the trial court's resolution of conflicting evidence." *INEOS Group Ltd. v. Chevron Phillips Chem. Co.*, 312 S.W.3d 843, 848 (Tex. App.—Houston [1st Dist.] 2009, no pet.). We do not review the merits of the underlying case, but only the order granting or denying the injunction. *Davis v. Huey*, 571 S.W.2d 859, 861 (Tex. 1978).

"To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Butnaru*, 34 S.W.3d at 204. To meet the third requirement of irreparable harm, it is not sufficient that the applicant show the actions he seeks to enjoin will harm him personally; rather, the alleged irreparable harm must threaten the applicant's right to recover on his causes of action. *See State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971) ("A temporary injunction must be supported by a showing of probable right to permanent relief and probable injury to that right without the injunction during the pendency of the suit."); *Jud Plumbing Shop on Wheels, Inc. v. Jud Plumbing & Heating Co.*, 695 S.W.2d 75, 79 (Tex. App.—San Antonio 1985, no writ) ("The applicant for temporary injunction must show a probable right and a probable injury to that right if the respondent is allowed to continue the action complained of."); *see also Transp. Co. of Tex. v. Robertson Transps., Inc.*, 261 S.W.2d 549, 553 (Tex. 1953) (holding Texas Rule of Civil Procedure 683 requires a trial court granting a temporary injunction to set forth "the reasons why the court believes the applicant's probable right will be endangered if the writ does not issue").

The general injunction statute of the Texas Civil Practice and Remedies Code authorizes an injunction if:

> [A] party performs or is about to perform or is procuring or is
> allowing the performance of an act relating to the subject of pending

> litigation, in violation of the rights of the applicant, and the act
> would tend to render the judgment in that litigation ineffectual.

TEX. CIV. PRAC. & REM. CODE ANN. § 65.011(2) (West 2008). Under the plain terms of the statute, the act sought to be enjoined must: (1) relate to the subject of pending litigation; (2) be in violation of the rights of the applicant; and (3) tend to render the judgment in that litigation ineffectual. *See id.* The statute does not permit temporary injunctive relief without the showing of irreparable harm otherwise required by equity. *City of El Paso v. Caples Land Co.*, 408 S.W.3d 26, 37 (Tex. App.— El Paso 2013, pet. denied); *see Town of Palm Valley v. Johnson*, 87 S.W.3d 110, 111 (Tex. 2001) (per curiam) (holding that an applicant seeking a temporary injunction under subsection 65.001(1) of the general injunction statute was not exempt from traditional requirement of irreparable harm).

### DISCUSSION

After reviewing the record before the trial court, we conclude that Memo failed to show he would suffer irreparable harm because he has not shown that a vote of the Residuary Trust on whether he should remain a director of the Company will affect any right to relief he may have on any of his causes of action.[2] *See Cook United*, 464 S.W.2d at 106; *Jud Plumbing Shop*, 695 S.W.2d at 79. Nor has he shown that the vote would render ineffectual any judgments he may obtain in this litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 65.011(2). The trial court abused its discretion in finding otherwise.

The trial court concluded that, in the absence of the injunction, Memo would suffer imminent and irreparable injury because Norma and Guero "expressed an intent to immediately hold a meeting of the Residuary Trust for the purpose of voting to remove Memo as a director of [the Company]." The court reasoned that Memo's removal as director would irreparably injure

---

[2] Because of our disposition of this appeal, we do not decide whether the causes of action alleged by Memo are cognizable under Texas law or whether Memo has shown a probable right to relief on those causes of action.

him because the directors of the Company "enjoy rights that cannot be measured in monetary terms." The trial court also found Memo would suffer irreparable harm because Norma and Guero's actions would "force a vote of the Residuary Trust when such voting process is itself at issue in the suit." The court therefore enjoined Norma and Guero from convening a meeting of the co-trustees of the Residuary Trust to decide whether the Residuary Trust would vote to remove Memo as a director of the Company.[3]

In the underlying cause, Memo, in his individual capacity and as a trustee of the Residuary Trust, has sought: (1) a declaratory judgment that Norma and Guero violated the *in terrorem* provision of Benavides's will; (2) the removal of Guero as a trustee for lack of mental capacity; (3) damages for Norma and Guero's alleged breaches of fiduciary duties to the Residuary Trust; (4) damages for their alleged conversion against the Residuary Trust; (5) damages for their alleged conspiracy to commit conversion against the Residuary Trust; (6) disgorgement for their alleged unjust enrichment at the expense of the Residuary Trust; (7) damages for their alleged defamation of Memo; and (8) damages for their alleged conspiracy to commit defamation of Memo. Memo has also sought, in his individual capacity and derivative capacity as a limited partner of the Ranch: (1) a declaratory judgment that the Company wrongfully caused the Ranch to approve a distribution that violated the Ranch's partnership agreement; (2) damages for the Company's breach of fiduciary duty to Memo as a limited partner of the Ranch; (3) damages for Norma and Guero's alleged breaches of fiduciary duty to Memo as a limited partner of the Ranch; (4) removal of the Company as the general partner of the Ranch; (5) removal of Norma and Guero as directors

---

[3] The trial court considered the voting process to be an issue because "[t]he parties dispute how many votes are necessary to bind the Residuary Trust. The language of the Residuary Trust requires 'joint' action, and there is conflicting evidence and positions concerning whether this requires unanimous or majority vote." Because we ultimately hold that Memo failed to show he would suffer irreparable harm, we need not address the Residuary Trust's procedural voting mechanisms.

of the Company and damages for alleged breaches of fiduciary duty; (6) the appointment of a receiver to manage the Ranch's assets; (7) a declaration that Memo has the right to audit, examine, and make copies of the Ranch's books; and (8) an accounting.

Memo has not shown any adverse connection between the Residuary Trust's decision to vote in favor of his removal as a director of the Company and his probable right to relief on any of his causes of action. In other words, assuming that the Residuary Trust decides to vote its shares in favor of Memo's removal as a director (and that he is actually removed) and yet Memo prevails on every one of his causes of action in this litigation, Memo has not shown that his right to relief on those causes of action would have been diminished or threatened. Nor has he shown that any judgments he might obtain at the end of this litigation would be rendered ineffectual.

For instance, if Memo is removed as a director of the Company following a meeting of the Residuary Trust, his efforts to remove Guero as a cotrustee of the Residuary Trust for lack of mental capacity are unaffected. And if he is ultimately successful in removing Guero as a cotrustee for a lack of mental capacity, Memo's prior removal as a director of the Company would not impact his ability to enforce the judgment of removal against Guero.[4] The fact that, if Memo were successful in removing Guero as a cotrustee prior to the meeting of the Residuary Trust, Memo would likely not be removed as a director of the Company, does not affect our conclusion. Preventing his removal as a director of the Company is not the actual relief to which Memo is entitled if he ultimately proves that Guero lacks the mental capacity to serve as a cotrustee. It is

---

[4] The same holds true with respect to all the other forms of relief sought by Memo. Memo may continue to seek a declaratory judgment that Norma and Guero have violated the *in terrorem* clause of Benavides's will, to seek damages for Norma and Guero's alleged breaches of their fiduciary duties to the Residuary Trust, and to seek damages for the Company's alleged breaches of its fiduciary duty (at Norma and Guero's direction) to the Ranch, even if the Residuary Trust meets and votes to remove him. And if he is ultimately successful in obtaining that declaratory judgment or damages, Memo has not shown that the meeting of the Residuary Trust or his lack of a directorship in the Company will render those judgments ineffectual.

merely a probable collateral consequence of Guero's removal as a cotrustee, if that removal occurred prior to the vote on Memo's directorship in the Company.

## CONCLUSION

Because Memo has not shown that the failure to issue the injunction would result in irreparable harm to any probable right of recovery he has on his causes of action or that Norma and Guero's actions would render any judgment he might obtain ineffectual, we reverse the trial court's order and dissolve the temporary injunction.

Luz Elena D. Chapa, Justice