Affirmed and Memorandum Opinion filed August 31, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-01031-CV

___________________

 

Osaka Japanese Restaurant, Inc.,
Appellant

 

V.

 

Osaka Steakhouse Corporation and Yu Qing Weng,
Appellees



 



 

On
Appeal from the 61st District Court

Harris County,
Texas



Trial Court Cause No. 2009-68840

 



 

 

MEMORANDUM OPINION

            In this accelerated interlocutory appeal, appellant,
Osaka Japanese Restaurant, Inc., challenges the trial court’s denial of its
application for a temporary injunction.[1] 
We affirm.

Factual and Procedural
Background

            Appellant
operates two restaurants under the name Osaka Japanese Restaurant.  Appellant’s
original location opened in 2001.  That same year appellant filed its assumed
name record with both Harris County and the Texas Secretary of State.  Other
than the name, which suggests appellant’s restaurants feature Japanese cuisine,
the only thing the record on appeal reveals about the food and décor of appellant’s
restaurants is that at least one of appellant’s locations has a sushi bar and
tables.  The appellate record also reveals that both of appellant’s restaurants
are located in inner Houston, inside the 610 Loop.

            In
October 2009, one of appellees, Osaka Steakhouse Corporation (“Osaka
Steakhouse”), opened a restaurant named Osaka Japanese Steak and Sushi, at
15242 Wallisville Road in northeast Harris County, near the Beltway 8 Loop, at
least twenty miles from either of appellant’s restaurants.  The appellate
record reveals little about the nature of the restaurant beyond its name and
the fact the waitstaff wears custom-designed uniforms.

            Once
appellant discovered that Osaka Japanese Steak and Sushi had opened, appellant
filed suit asserting that appellees were engaging in unfair competition and
fraudulent behavior by operating a restaurant using the word “Osaka” in its
name.  According to appellant, due to its longtime use of the word “Osaka” in
its restaurant’s name, it had a protected property interest in it, which
appellees were violating.  In its lawsuit, appellant sought both injunctive
relief and damages.

On November 6, 2009, the
trial court heard appellant’s request for a temporary injunction.  Xue Yi Li,
appellant’s owner, testified regarding appellant’s alleged damages.  The only
thing Li mentioned during her testimony was a loss of customers, which she
attributed to the opening of Osaka Steakhouse’s restaurant.  However, while Li
blamed Osaka Steakhouse’s restaurant for her loss of business, she testified
that, in her discussions with her customers, they made reference to the opening
of a Japanese steakhouse at a Bellaire location, not one located on Wallisville
Road.  On November 13, 2009, the trial court signed an order denying
appellant’s request for a temporary injunction.  The trial court concluded that
appellant did not establish (1) the existence of a likelihood of confusion
among the names of the parties’ restaurants; or (2) that it would suffer
irreparable harm without injunctive relief.  This interlocutory appeal
followed.

Discussion

While appellant raises
three issues on appeal, in all of them appellant generally challenges the trial
court’s denial of its request for a temporary injunction and we therefore
address them together.

I.         The
standard of review and applicable law.

            A
trial court has broad discretion in deciding whether to deny a temporary
injunction.  Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002). 
We review the denial of a temporary injunction for a clear abuse of discretion
without addressing the merits of the underlying case.  Walling v. Metcalfe,
863 S.W.2d 56, 58 (Tex. 1993).  We will uphold the trial court’s determination
against issuing injunctive relief unless the trial court’s action was so
arbitrary that it exceeded the bounds of reasonable discretion.  Butnaru,
84 S.W.3d at 204.  In reviewing the trial court’s exercise of discretion, the
appellate court must draw all legitimate inferences from the evidence in the
light most favorable to the trial court’s decision.  EMS USA, Inc. v. Shary,
309 S.W.3d 653, 657 (Tex. App.—Houston [14th Dist.] 2010, no pet.).  When, as
here, no findings of fact or conclusions of law are filed, the trial court’s
determination of whether to grant or deny a temporary injunction must be upheld
on any legal theory supported by the record.  Id.

            An
applicant for a temporary injunction seeks extraordinary relief.  In re Tex.
Natural Res. Conservation Comm’n, 85 S.W.3d 201, 204 (Tex. 2002).  The sole
issue before the trial court in a temporary injunction hearing is whether the
applicant may preserve the status quo of the litigation’s subject matter
pending trial on the merits.  Davis v. Huey, 571 S.W.2d 859, 862 (Tex.
1978).  The status quo is the last actual, peaceable, noncontested status which
preceded the pending controversy.  RP & R, Inc. v. Territo, 32
S.W.3d 396, 402 (Tex. App.—Houston [14th Dist.] 2000, no pet.)  To obtain a
temporary injunction, the applicant must plead a cause of action against the defendant
and show both a probable right to recover on that cause of action and a
probable, imminent, and irreparable injury in the interim.  EMS USA, Inc.,
309 S.W.3d at 657 (citing Butnaru, 84 S.W.3d at 204).  To show a
probable right of recovery, the applicant must plead and present evidence to
sustain the pleaded cause of action.  Id.  An injury is irreparable when
the injured party cannot be adequately compensated in damages or if damages
cannot be measured by any certain pecuniary standard.  Id.  An existing
legal remedy is adequate if it is as complete, practical, and efficient to the
ends of justice and its prompt administration as is equitable relief.  Hilb,
Rogal & Hamilton Co. of Texas v. Wurzman, 861 S.W.2d 30, 32 (Tex.
App.—Dallas 1993, no writ.).  There is no adequate remedy at law if damages are
incapable of calculation or if a defendant is incapable of responding in
damages.  Id.   The party applying for a temporary injunction has the
burden of production, which is the burden of offering some evidence that
establishes a probable right to recover and a probable interim injury.  Dallas
Anesthesiology Associates, P.A. v. Texas Anesthesia Group, P.A., 190 S.W.3d
891, 897 (Tex. App.—Dallas 2006, no pet.).  If an applicant does not discharge
its burden, it is not entitled to injunctive relief.  Id.

II.        Appellant did not
establish that the trial court abused its discretion when it denied appellant’s
request for a temporary injunction.

As already mentioned,
the applicant for a temporary injunction bears the burden to present evidence
to the trial court sufficient to demonstrate a probable, imminent, and
irreparable injury.  Here, the only evidence on appellant’s alleged damages was
Li’s testimony that her restaurant had experienced a decline in business. 
While Li blames the opening of Osaka Steakhouse’s restaurant for that alleged
loss of business, she also testified that her customers mentioned a Japanese
steakhouse at a location different from Osaka Steakhouse’s restaurant located
on Wallisville Road.  Based on this testimony, the trial court, as the
factfinder, could have determined that any loss of business experienced by
appellant was not caused by the opening of the Osaka Steakouse restaurant.  See
EMS USA, Inc, 309 S.W.3d at 657.  In addition, based on Li’s testimony
regarding appellant’s alleged loss of business, the trial court could have
concluded that monetary damages constituted an adequate legal remedy if the
appellant prevailed at trial.  See Daily Int’l Sales Corp. v. Eastman
Whipstock, Inc., 662 S.W.2d 60, 64 (Tex. App.—Houston [1st Dist.] 1983, no
writ).[2] 
Possibly suspecting that the trial court might conclude monetary damages were
an adequate remedy for appellant’s alleged lost business, appellant’s counsel
argued that since appellees’ restaurant was a new business, it might be
incapable of responding in damages.  However, appellant offered no evidence on
appellees’ financial status to support that contention.  While an applicant for
a temporary injunction need not prove that it will win upon a final trial on
the merits, it still has the burden to show a probable right to final recovery
and an irreparable injury.  Hilb, Rogal & Hamilton Co. of Texas, 861
S.W.2d at 32–33.  In addition, a trial court possesses broad discretion to
determine whether the applicant has met that burden.  Id. at 33.  We
conclude that, when viewed in the light most favorable to the trial court’s
order, the evidence supports the trial court’s refusal to grant appellant
injunctive relief.  Therefore, we conclude the trial court did not abuse its
discretion when it denied appellant’s application for a temporary injunction.  We
overrule appellant’s issues on appeal.[3]

III.      Appellees’
Motion for Sanctions on Appeal

            Appellees
included in their appellate brief a motion for sanctions arguing that
appellant’s appeal is frivolous and that appellant should be sanctioned
pursuant to Rule 45 of the Texas Rules of Appellate Procedure.  In determining
whether an appeal is frivolous, we review the record from the appellant’s
perspective and decide whether the appellant had reasonable grounds to believe
that the trial court’s order could be reversed.  Smith v. Brown, 51
S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  Whether to
grant sanctions for a frivolous appeal is a matter of discretion that an
appellate court exercises with prudence and caution and only after careful
deliberation in truly egregious circumstances.  Goss v. Houston Cmty.
Newspapers, 252 S.W.3d 652, 657 (Tex. App.—Houston [14th Dist.] 2008, no
pet.).

            When
dealing with a motion for sanctions for the filing of a frivolous appeal, we
consider whether: (1) appellant failed to present a complete record; (2)
appellant raised issues for the first time on appeal, even though preservation
of error was required in the trial court; (3) appellant failed to file a
response to a request for appellate sanctions; and (4) appellant filed an
inadequate brief.  Tate v. E.I. Du Pont de Nemours & Co., 954 S.W.2d
872, 875 (Tex. App.—Houston [14th Dist.] 1997, no pet.).  This court has
determined that in order to assess sanctions, we must find the appeal to be
both objectively frivolous and subjectively brought in bad faith or for the
purpose of delay.  See Azubuike v. Fiesta Mart, Inc., 970 S.W.2d 60, 66
(Tex. App.—Houston [14th Dist.] 1998, no pet.).  Even though appellant did not
file a response to appellees’ motion for sanctions and we overruled appellant’s
issues on appeal, it does not appear from the record that appellant’s appeal
was objectively frivolous or that appellant subjectively filed the appeal in
bad faith or for purposes of delay.[4] 
Accordingly, appellees’ motion for sanctions is denied.

Conclusion

            Having overruled
appellant’s issues on appeal, we affirm the trial court’s order denying
appellant’s request for a temporary injunction. 

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Frost, and Seymore.

 









[1] Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon 2008).





[2] In support of its
contention that the trial court erred in its determination that appellant did
not establish irreparable harm, appellant cites the case of Thompson v.
Thompson Air Conditioning and Heating, Inc., 884 S.W.2d 555 (Tex.
App.—Texarkana 1994, no writ).  We conclude Thompson is distinguishable
in part because, in that case, the trial court granted the applicant injunctive
relief while the trial court here denied it.





[3] We need not address
appellant’s contention on appeal that its use of the word “Osaka” is entitled
to protection because, even if it is, appellant still must establish that it
suffered irreparable harm as a result of appellees’ use of “Osaka” to be
entitled to injunctive relief.  See Beauty Elite Group, Inc. v. Palchick,
14-07-00058-CV, 2008 WL 706601 *2 (Tex. App.—Houston [14th Dist.] March 18,
2008, no pet.) (mem. op.) (“Proving a wrongful act, standing alone, is
insufficient to obtain injunctive relief; each of the remaining elements must
be established.”).





[4] Since filing an appeal
for the purpose of delay is a factor to be considered when resolving a motion
for sanctions for filing a frivolous appeal, we note that appellant, on July
30, 2010, submitted a letter to this court asking “[c]ould you please tell us
the results of the accelerated appeal in the matter of Cause No. 14-09-01031-CV
& 2009-68840; Osaka Japanese Restaurant vs. Osaka Steak House Corporation
and Yu Qing Weng[?]”  While this letter serves as some indication that
appellant is not interested in delay but a timely and efficient resolution of
its dispute, we observe that “the most expeditious way to obviate the hardship
and discomfiture of an unfavorable temporary injunction order is to try the
case on the merits and secure a hearing wherein the case may be fully developed
and the courts, both trial and appellate, may render judgments finally
disposing of controversies.”  Sharma v. Vinmar Int’l, Ltd., 231 S.W.3d
405, 429 n.16 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing Sw.
Weather Research, Inc. v. Jones, 160 Tex. 104, 111, 327 S.W.2d 417, 422
(1959)).